**Stella P. HENDERSON, Plaintiff,**

v.

**NEW YORK PRESSING MACHINERY CORPORATION, Defendant.**

**Civ. A. No. 65–134.**

United States District Court
W. D. Pennsylvania.

May 24, 1965.

Wray G. Zelt, Washington, Pa., for plaintiff.

Carl A. Eck, Meyer, Darragh, Buckler, Bebenek & Eck, Pittsburgh, Pa., for defendant.

WEBER, District Judge.

In this diversity action plaintiff was an employee of a clothing manufacturing corporation who was injured while operating a steam pressing machine manufactured by defendant, a New York corporation. The plaintiff alleged that the defendant did business generally within the Commonwealth of Pennsylvania and had an agent and place of business known as Kennedy Sewing Machine Company, in Pittsburgh, Pennsylvania. Service was made upon Kennedy Sewing Machine Company in Pittsburgh, Pennsylvania, and defendant filed an answer which raised, inter alia, objections to the jurisdiction of the Court over the person of the defendant, and objections to the sufficiency of service of process. The Court treated this answer as a Motion to Dismiss under Rule 12(b), of the F.R. of Civ.P., and set the matter down for hearing and argument.

The defendant filed an affidavit in support of its objections and the plaintiffs served written interrogatories on the defendant and also took the deposition on oral testimony of an officer of the Kennedy Sewing Machine Company, the alleged agent.

The Pennsylvania business corporation law, 15 P.S. § 2852–1011, provides:

"C. For the purposes of determining jurisdictions of Courts within this Commonwealth, the entry of any corporation into this Commonwealth for the doing of a series of similar acts for the purpose of thereby rea-

.lizing pecuniary benefit or otherwise accomplishing an object, or doing a single act in this Commonwealth for such purpose, with the intention of thereby initiating a series of such acts, shall constitute 'doing business.' " (As amended 1963, August 13, P.L. 703, § 2.)

The evidence produced by the affidavit, the answers to interrogatories, and the depositions presented to this Court by the parties clearly shows that defendant was not incorporated in the Commonwealth of Pennsylvania; defendant maintained its principal place of business in New York, New York; has no offices or other places of business within the Commonwealth of Pennsylvania; defendant has no agent authorized to accept service in the Commonwealth of Pennsylvania, and has not appointed the Secretary of the Commonwealth or any other public officer as a statutory agent to receive service of process; defendant has no employees in the Commonwealth of Pennsylvania; no officer or employee of defendant corporation entered the Commonwealth of Pennsylvania for the transaction of business within the Commonwealth of Pennsylvania; and defendant has no real or personal property situated within the Commonwealth of Pennsylvania. Defendant is a manufacturing corporation which sells its pressing machinery either directly to the users thereof or to jobbers and dealers through the United States from its New York place of business. The defendant has sold a substantial number of its machines to customers in Pennsylvania either by direct sales or through jobbers or dealers.

The Kennedy Sewing Machine Company is a Pennsylvania corporation, with its principal place of business in Pittsburgh, Pennsylvania, which buys various types of machinery from manufacturers and sells to producers in the clothing and laundry industry. It buys directly from the manufacturer at a wholesale or discount price and in turn resells to the purchaser at a retail price, making its profit from the difference. It secures orders from its customers based on catalogues or descriptive material, submits its bill to and is paid by its customer, although the equipment may be shipped directly from the manufacturer to the customer. The defendant pays no commission to the Kennedy Sewing Machine Company but merely sells to it at a discount or wholesale price. There is some confusion in the evidentiary material presented to the Court on the question of whether or not the Kennedy Sewing Machine Company has an exclusive dealer's franchise from defendant for a particular area upon which it would receive a certain percentage of the purchase price in the case where the customer would order and purchase directly from the defendant, or purchase from another distributor outside the area serviced by the Kennedy Sewing Machine Company. In this case the defective piece of equipment was not purchased from Kennedy, but from a Cleveland, Ohio, distributor. We do not believe these later considerations to be of importance in determining the matter before us.

Defendant, New York Pressing Machinery Corporation, is not subject to the jurisdiction of this Court under the provisions of the statute above quoted unless it has entered the Commonwealth for the purpose of doing a series of similar acts or doing a single act with the intention of thereby initiating a series of such acts for a pecuniary benefit. There is nothing in all of the evidentiary material provided by the parties to show that the defendant corporation has entered the Commonwealth of Pennsylvania at all. The evidence shows that the Kennedy Sewing Machine Company was a completely independent party, serving in the capacity of a dealer or jobber of machinery and equipment of this type, securing its goods from a variety of different manufacturers and suppliers among them the defendant, and reselling to the clothing industry on its own account, making its profit from the difference between the manufacturer's price and the retail price.

From all of the facts it is evident that the jurisdictional requirement of the Commonwealth of Pennsylvania has not

been sustained. Tudesco v. Publishers Company, 232 F.Supp. 638 (E.D.Pa. 1964); Yoffee v. Golin, 413 Pa. 154 (1964) 196 A.2d 317; Namie v. DiGirolamo, 412 Pa. 589 (1963), 195 A.2d 517.