Frank G. GRECO, Plaintiff,

v.

BUCCICONI ENGINEERING CO., Inc., a corporation, Defendant.

Frank G. GRECO, Plaintiff,

v.

WEAN ENGINEERING CO., Inc., a corporation, Defendant,

v.

BUCCICONI ENGINEERING CO., Inc., Third-Party Defendant.

Civ. A. Nos. 64-976, 65-317.

United States District Court
W. D. Pennsylvania.

Oct. 7, 1965.

Donald E. Ziegler, Pittsburgh, Pa., for plaintiff, Greco.

Bliss R. Mentzer, of Weis & Weis, Pittsburgh, Pa., for defendant Bucciconi Engineering Co.

Thorp, Reed & Armstrong, Pittsburgh, Pa., for Wean Engineering Co.

DUMBAULD, District Judge.

Since Hilton v. W. T. Grant Co., 212 F.Supp. 126, 130 (W.D.Pa.1962), where it was observed that the Pennsylvania statute relating to service of process on non-resident corporations had not gone to the limit permitted by federal due process, the pertinent statute has been amended by the Act of August 13, 1963, P.L. 703. It now reads (15 P.S. § 2852–1011, subd. C.):

> "For the purposes of determining jurisdictions of courts within this Commonwealth, the entry of any corporation into this Commonwealth for the doing of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object, or doing a single act in this Commonwealth for such purpose, with the intention of thereby initiating a series of such acts, shall constitute 'doing business.'"

The question in the case at bar is whether Bucciconi Engineering Co., Inc., an Indiana corporation, has done business in Pennsylvania within the meaning of the above-quoted statutory definition.

The parties have entered into a stipulation embodying the facts gleaned from interrogatories. Moreover, we have personally read the answers *in toto*. We have also examined the material annexed to plaintiff's brief.

█ We begin by noting that the Pennsylvania legislature has still stopped short of what seems to be the permissible sphere of due process nexus. See Gen. Motors Corp. v. Washington, 377 U.S. 436, 448, 84 S.Ct. 1564, 12 L.Ed.2d 430 (1964). The Pennsylvania Act does not give jurisdiction by virtue of a single act *per se*. The single act upon which it predicates jurisdiction must be intended as the first of a series of *similar* acts for the purpose of realizing pecuniary benefit.

In other words, a systematic course of conduct is contemplated, rather than isolated or sporadic occurrences. See United States v. Carolina Freight Carriers Corp., 315 U.S. 475, 480–481, 62 S.Ct. 722, 86 L.Ed. 971 (1942).

█ In the case at bar we find no such regular course of business, evidenced by a series of similar acts. What was done here seems to us more sporadic and irregular.

Basically, what we have here was one transaction, various different aspects of which resulted in several visits to this area of Bucciconi's president.

Before the transaction in question, he had visited the J. & L. plant on an unrelated matter dealing with an engineering problem. The machine involved here was sold by Bucciconi to Wean Engineering Co. in Indiana. Bucciconi and J. & L. had no direct dealings. Nor did any Bucciconi employees aid in installation of the machine, though, naturally, written instructions were supplied with the machine. After the machine was ordered, Bucciconi's president visited the J. & L. plant to discuss details. After installation, being in the vicinity, he made another visit to see if it was operating properly. After the accident to plaintiff, another visit was made at the request of J. & L. These can not be regarded as separate, *similar* transactions, forming a series or course of systematic dealings, amounting to doing business. Bucciconi did make a direct offer to J. & L. to install additional parts on one machine for $3,000, and this was accepted. This must be regarded as either incidental to the first sale to Wean, or as a separate, single, dissimilar transaction if the cir-

cumstance that it was a direct sale to J. & L. is stressed. It was not a second sale of similar character. It was not "repeat business".

It fortifies our conclusion to note that Judge Weber of this Court in a recent case involving the same statute reached a similar result. Henderson v. N. Y. Pressing Machinery Corp., 241 F.Supp. 425 (W.D.Pa.1965). The main issue there, however, was whether a purchaser from the defendant was an independent contractor or an agent of defendant. It was held that the defendant had not "entered the Commonwealth of Pennsylvania at all." We do not have that question here.

The motion to dismiss should be granted.