Louis RACHELSON

v.

E. I. duPONT deNEMOURS & Co.

and

Vic Manufacturing Co.

Jacob KOACH

v.

E. I. duPONT deNEMOURS & CO.

and

Vic Manufacturing Co.

Civ. A. Nos. 36632, 36643.

United States District Court
E. D. Pennsylvania.

Aug. 16, 1966.

Morris M. Shuster, Edwin E. Naythons, and Freedman, Borowsky & Lorry, Philadelphia, Pa., for plaintiff.

K. Robert Conrad, Pepper, Hamilton & Scheetz, Philadelphia, Pa., for E. I. du-Pont de Nemours & Co.

Edward C. German, A. Arthur Hanamirian and LaBrum & Doak, Philadelphia, Pa., for Vic Mfg. Co.

## OPINION

DAVIS, District Judge.

The plaintiffs, employees of the Sterling Equipment Company, have instituted these actions against the defendants because of alleged injuries sustained as a result of inhalation of and exposure to vapors of a duPont product called "valclene" which had escaped from drycleaning machines manufactured by Vic Manufacturing Company. The inhalation and exposure allegedly took place over a period of months in 1962 at various locations in Pennsylvania and New Jersey.

The issue now before us is the motion of Vic Manufacturing Co. to dismiss the complaint or in the alternative to quash the service of process on the ground that this court lacks jurisdiction over its person.

■■ Since these actions are before this court solely because of diversity and Vic is a Minnesota corporation not registered to do business in Pennsylvania, we must look to the law of Pennsylvania to determine whether this defendant is amenable to process. As the federal law now stands, if the state in which we are located would not subject the foreign corporation to its jurisdiction, we as a court sitting solely in a diversity matter will not do so either. Arrowsmith v. United Press International, 320 F.2d 219 (2d Cir. 1963); Giuliano v. Alitalia Airlines, Inc., 218 F.Supp. 78 (E.D.Pa.1963); 2 Moore, Federal Practice ¶ 25[7].

The plaintiffs attempted service on the defendants by delivery of copy of the summons and complaint to the Secretary of the Commonwealth pursuant to the Business Corporation Law Pa.Stat.Ann. Tit. 15 § 2852–1011, subds. B & C which provides inter alia:

"B. Any foreign business corporation which shall have done any business in this Commonwealth, without procuring a certificate of authority to do so from the Department of State, shall be conclusively presumed to have designated the Secretary of the Commonwealth as its true and lawful attorney authorized to accept, on its behalf, service of process in any action arising within this Commonwealth. * * *

"C. For the purposes of determining jurisdiction of courts within this Commonwealth, the entry of any corporation into this Commonwealth for the doing of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object, or doing a single act in this Commonwealth for such purpose, with the intention of thereby initiating a series of such acts, shall constitute 'doing business.'"

To determine whether the defendant comes within the provisions of the statute, we must first examine the pertinent facts as to its business activities in Pennsylvania as developed from interrogatories answered by Vic and from the depositions of the sales manager and the president of the Sterling Equipment Company, which handles Vic products in this state.

Vic is a manufacturer of drycleaning machines and equipment with its office and plant in Minneapolis, Minnesota. Its only sales to companies in Pennsylvania have been $7800 worth of merchandise to Ruco Sales in Pittsburgh and $16,000 worth to Sterling Equipment Company in Philadelphia. Both of these companies do their own servicing, sales, and maintenance. While there is no further evidence as to Ruco's relationship with Vic, the record indicates that Sterling is a dealer which represents about one hundred companies, one of which is the defendant, and operates an exclusive dealership for it in Delaware and portions of Pennsylvania and Southern New Jersey. Ruco Sales keeps a limited inventory of Vic machines but otherwise sends a purchase order to the defendant whenever one of its customers asks for a piece of equipment it does not have in stock.

The customer orders from Sterling and works out financing with it, and Sterling then makes its own separate purchase order from Vic. Vic never deals with these customers except to send the machinery to the destination which Sterling designates. The title to the machinery always passes to the dealer f. o. b. Minneapolis.

Vic may terminate the exclusive dealership contract with Sterling if a certain minimum sales quota is not met. Vic also provides its dealer with a suggested price list but the latter is free to sell and does in fact sell at the prices it itself determines. Moreover, it finds or obtains over 99% of its customers through its own efforts, without any assistance from Vic.

Vic maintains no sales representatives or agents in Pennsylvania. One of its representatives did come to Sterling's office once or twice in 1962 but the record is unclear whether this was before or after the dealership contract between it and Sterling had been signed. It never sent any servicemen into Pennsylvania. Sterling, however, at its own expense, sent one of its men to the Vic plant in Minnesota to learn how to service the machines and install them on its customer's premises.

The defendant does not advertise in any way in Pennsylvania execpt to place ads in trade journals of nationwide circulation and to send Sterling some of its descriptive literature.

Finally, it owns no real or personal property and has no bank account of any kind in Pennsylvania. It maintains no office or employees here.

In this age of high-speed transportation and modern modes of communication, Pennsylvania retains a rather restrictive policy as to the amenability of non-registered foreign corporations to service of process. The courts of this state have interpreted the Business Corporation Law to require actual physical entry into the Commonwealth before the corporation is subject to its personal jurisdiction.

In the latest Opinion dealing with the issue, Cercere v. Ohringer Home Furniture Co., 208 Pa.Super. 138, 220 A.2d 350, April Term 1966, decided June 17, 1966, the Superior Court reluctantly sustained the preliminary objections of a non-registered foreign corporation to service of process. The corporation, Florence Art Company, had no office or property of any kind in the state, but it did have a sales representative who had solicited business for it as well as for several other concerns and who had greatly increased the sales of the corporation in Pennsylvania. This representative received compensation on a commission basis; paid his own taxes, social security, and health insurance; owned his own car for business; paid his own expenses; and operated out of his home. All sales he made were subject to the approval of the company. Otherwise, the company had no control over his activities or methods of operation.

While the court expressed its view that this company should be amenable to process, it concluded:

" * * * the test, in part, includes the 'entry' into the Commonwealth by the foreign corporation by the physical presence of agents or property. Since [the sales representative] was not an agent but an independent contractor, and since Florence had no property in Pennsylvania, Florence was not doing business under that test."

Several recent decisions of the Supreme Court of Pennsylvania have all taken this rigid view of "entry" into the Commonwealth for the purpose of amenability to suit.

In Swavely v. Vandergrift, 19 Pa. Dist. & Co.R.2d 153 (C. P. Bucks 1958), aff'd on the opinion below, 397 Pa. 281, 154 A.2d 779 (1959), the nonregistered foreign corporation which filed preliminary objections to jurisdiction over its person was a manufacturer of household disposal units with its sales office and plant in Michigan. It marketed its products through distributors who sold other noncompetitive merchandise. The distributor purchased products directly

from the manufacturer and then resold them to the retailer. The manufacturer had a suggested but nonbinding price list. It helped finance an advertising program and required monthly reports, lists of inventory, and other such items. It obligated the distributors to use their best effort to promote its product and forbade them from removing manufacturer's name from its products. The foreign corporation also had sales representatives whose job it was generally to promote business for it. Again the court sustained the corporation's objections to jurisdiction on the ground that all the activity did not constitute actual entry into the Commonwealth as required by the statute since neither the distributors nor sales representatives were servants or agents but independent contractors. The court stated, 19 Pa.Dist. & Co.R.2d at 165–166:

"obviously, an impersonal corporate entity organized and located in another jurisdiction can be said, in the words of the statute, to have 'entered' the State of Pennsylvania only if its agents or property have been physically present therein on the relevant occasion."

In Namie v. Di Girolamo, 412 Pa. 589, 195 A.2d 517 (1963), the nonregistered foreign corporation was a manufacturer of shoes which had a manufacturer's representative in Pennsylvania. He advertised in the telephone directory as a representative of this company. He was given a list of the manufacturer's accounts but was not required to solicit them and was free as to the manner and frequency of his contacts. Technically he was permitted to solicit business for other companies, but as a practical matter he could not do so. He was compensated on a draw against commission basis. He paid his own taxes and expenses, but he was a member of group insurance plan, premiums of which were paid by the company. He could not bind the company; all orders were accepted or rejected in the home office in Maine. While the company sent one of its employees to Pittsburgh four times a year to discuss its accounts and business with him, it had no office or property in Pennsylvania.

The court sustained the foreign corporations objections to service on the ground that the sales representative was an independent contractor and not its agent.

The Supreme Court of Pennsylvania has also held in several other recent cases that a nonregistered foreign corporation was not subject to this state's jurisdiction where the persons within the state were found to be independent contractors and not agents, and the corporation had no office or property here. Miller v. Kiamesha-Concord, Inc., 420 Pa. 604, 218 A.2d 309 (1966); Yoffee v. Golin, 413 Pa. 154, 196 A.2d 317 (1964).

The plaintiff, on the other hand, relies on Giuliano v. Alitalia Airlines, Inc., 218 F.Supp. 78 (E.D.Pa.1963). There, however, the Airlines that was contesting jurisdiction had an office in Pennsylvania where employees were selling tickets.

The plaintiff's reliance on Wilk v. Ensign Bickford Co., 421 Pa. 157, 218 A.2d 778 (1966) is likewise inapposite. That case deals with a writ of foreign attachment which the opinion recognizes to have a wider scope for jurisdictional purposes than service of process under the Business Corporation Law, Pa.Stat.Ann. Tit. 15 § 2852–1011, subd. B.

Finally, the plaintiff cites Rufo v. Bastian-Blessing Co., 405 Pa. 12, 173 A.2d 123 (1961) where the nonregistered foreign corporation had both distributors and sales representatives in Pennsylvania. The corporation kept strict control by requiring the distributors to maintain sufficient sales personnel "to promote aggressively" the corporation's line of products. They had to conform to its sales plans and policy and were required to charge the prices it set. Its sales representatives were paid on a monthly salary plus commissions and devoted their entire time to its business. They had to solicit business, assist customers in the selection of equip-

ment, help with service problems, and adjust complaints when authorized. The court stated at pp. 17–18, 173 A.2d at p. 126 in holding the corporation amenable to service of process.

"We find no difficulty in holding that the activities of this company carried on and pursued in this Commonwealth through the medium of distributors,— bound to the company by restrictive type agreements—and, especially, the activities of the sales representatives— full-time employees regularly and systematically soliciting business and engaging in other activities for the company—constituted 'doing business' within the Commonwealth."

 The facts of the case now before the court are not at all analogous to those in *Rufo,* supra. Sterling, the distributor here, was certainly not subject to the rigid control of Vic. It was an exclusive outlet for Vic products, but its dealings with its own customers and its manner of doing business, including the setting of prices was outside of Vic's province. The relationship of these two companies was very much like that in the *Swavely* case supra where service was quashed. In light of the Pennsylvania decisions enumerated above, Sterling is not sufficiently under Vic's control to be its agent. See Johnson v. Angretti, 364 Pa. 602, 73 A.2d 666 (1950); Feller v. New Amsterdam Casualty Co., 363 Pa. 483, 70 A.2d 299 (1950); Stepp v. Renn, 184 Pa.Super. 634, 135 A.2d 794 (1957).

Since Sterling is not an agent of Vic and the record indicates no other possible physical entry of this defendant into the Commonwealth, it having no property nor employees here, its motion to quash service of process must be granted. While we might agree that the Pennsylvania statute, Pa.Stat.Ann. Tit. 15 § 2852–1011, subds. B & C as interpreted by the courts of this state is an outmoded anomaly in this modern age, we have no alternative but to play a passive role and follow the decisions of the Pennsylvania appellate courts, absent any violation of the broad jurisdictional limits placed on the states by the United States Constitution. See International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

### ORDER

And now, this 16th day of August 1966, it is hereby Ordered that the motion of the defendant Vic Manufacturing Company quash the service of process be and the same is granted.