OPTICO CORPORATION

v.

STANDARD TOOL COMPANY.

Civ. A. No. 42931.

United States District Court
E. D. Pennsylvania.

May 14, 1968.

## OPINION AND ORDER

TROUTMAN, District Judge.

Plaintiff has instituted this action against Standard Tool Company to recover damages for breach of a contract whereby defendant had agreed to manufacture a two-cavity injection mold to plaintiff's specifications and based upon models to be supplied by plaintiff. The defendant, on whom service of process was made pursuant to Rule 4(d) (3) of the F.R.Civ.P., has moved, pursuant to Rule 12(b) of the F.R.Civ.P., to dismiss this action for lack of jurisdiction over the person and improper venue; or, in the event jurisdiction and venue are proper, a stay of these proceedings pending submission of the dispute to arbitration in accordance with the terms of the contract.

There is no dispute that the method of service in this case upon an officer of the defendant was in accordance with Rule 4(d). (3). However, service upon a foreign corporation is not valid service unless there exists an adequate basis for the assertion of in personam jurisdiction over the nonresident. We are therefore here concerned with the circumstances under which a nonresident corporation is subject to service as contrasted with the method and manner of making service.

In addition to the question of when a Federal Court may subject a nonresident corporation to its jurisdiction, there is a problem of what law is to determine the jurisdictional question in diversity cases. Under Arrowsmith v. United Press International, 320 F.2d 219 (2nd Cir. 1963),[1] the amenability of a foreign corporation to service of process is governed not by Federal, but by State standards, as limited by the Due Process clause of the Fourteenth Amendment. In Pennsylvania:

15 P.S. § 2011(C)

"For the purposes of determining jurisdiction of courts within this Com-

Gerald Gornish, Goodis, Greenfield, Narin & Mann, Philadelphia, Pa., for plaintiff.

Grahame P. Richards, Jr., and David F. Maxwell, Obermayer, Rebmann, Maxwell & Hippel, Philadelphia, Pa., for defendant.

1. See also Sherman v. Weber Dental Manufacturing Company, Civil No. 41240, 285 F.Supp. 114 (E.D.Pa.1967); Rachelson v. E. I. duPont deNemours & Co., 257 F. Supp. 257 (E.D.Pa.1966); Steiner v. Dauphin Corp., 208 F.Supp. 104 (E.D.Pa. 1962).

monwealth, the entry of any corporation into this Commonwealth for the doing of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object, or doing a single act in this Commonwealth for such purpose, with the intention of thereby initiating a series of such acts, shall constitute 'doing business'."

The issue upon which disposition of this motion lies therefore is whether the defendant was "doing business" in Pennsylvania within the meaning of the statute.[2] The burden of establishing that the defendant did business in Pennsylvania at the time of the purported service rests upon plaintiff. Sherman v. Weber Dental Manufacturing Company, Civil No. 41240, 285 F.Supp. 114 (E.D.Pa.1967).

An examination of the record discloses [3] that defendant is a Massachusetts corporation engaged in the manufacture of specialized plastic injection molds, fabricating equipment and castings. Its principal place and only place of business is Massachusetts. It maintains no office, plant or other business location in Pennsylvania. It is not and at no time has been registered to do business in Pennsylvania. It maintains no office, bank account, mailing address, telephone listing, or other business facility within the Commonwealth. It has no affiliates or subsidiaries which engage in business in

this State. It owns no Pennsylvania property of any kind and has never paid, or been called upon to pay, any Pennsylvania tax.

Defendant maintains a national market for its product by advertising in three nationally circulated publications. Any business it does in Pennsylvania is transacted either through manufacturers' sales representatives or by direct contact. All sales through manufacturer's sales representatives are subject to final approval in Massachuetts where the orders are accepted or rejected. All sales by direct contact are normally negotiated by mail, telephone and personal confrontation in Massachusetts.

This record discloses no contacts within the Commonwealth of Pennsylvania which might conceivably render the defendant amenable to in personam jurisdiction, except the following:

1. Out of a total annual average sales volume of two million dollars the defendant made annual average sales in Pennsylvania of approximately $150,000.

2. At the behest of customers and/or for the purpose of generating goodwill, members of the sales staff of Standard Tool visit customers located in Pennsylvania not more than twice in any given year.

3. Most products sold in Pennsylvania are shipped directly from the manufac-

---

2. The defendant contends that to render it amenable to service of process in this jurisdiction not only must it be doing business in Pennsylvania but it must also be sued on a cause of action arising in Pennsylvania. Due process does not require that the cause of action against a foreign corporation must arise out of the corporation's activities in the state where the action is brought. Perkins v. Benguet Consolidated Mining Co., 342 U.S. 437, 72 S.Ct. 413, 96 L.Ed. 485 (1952). However, since we ultimately conclude that the defendant is not doing business in Pennsylvania we do not find it necessary to determine where this cause of action arose

or whether it must arise in Pennsylvania so as to render the defendant amenable to service of process in this jurisdiction. Miller v. Kiamesha-Concord, Inc., 420 Pa. 604, 218 A.2d 309 (1966).

3. The records to which we have referred for the disposition of the instant motion consist of the oral depositions of John A. Kavanagh, President of Standard Tool, and Amelio J. Cocci, Vice President in charge of sales of Standard Tool, and the affidavits of Mr. Cocci and G. Thomas Parker, Executive Vice President of Standard Tool.

turing plant of defendant to the customer via common carrier; however, on rare occasions they are transported personally by the defendant.

4. All products sold in Pennsylvania are serviced by the defendant; however, visits by employees of defendant for the purpose of servicing the products sold are only made on the average of twice a year.

5. Officers or employees of the defendant may visit Pennsylvania once a year for a national plastics industry convention or for pleasure.

6. The manufacturer's sales representatives which solicited business for the defendant in Pennsylvania were Valley Forge Machinery Company and Stanley Berg Machinery Company. Valley Forge Machinery did not solicit directly for the defendant but through Kavanagh Sales, a sales organization separate and distinct from defendant although owned by the same principals. At the time of service in this action, and for approximately one year prior thereto, Kavanagh Sales was no longer operating and Valley Forge Machinery was not soliciting business for the defendant. At the time of service, and continuing to date, Stanley Berg Machinery Company acts as a sales representative for defendant in Pennsylvania. However, both Valley Forge and Stanley Berg operated as independent contractors upon a strict commission basis and all sales solicited by them were made subject to the approval of either the defendant or Kavanagh Sales in Massachusetts.

It is readily apparent, and undisputed by the defendant, that the sales by defendant in Pennsylvania constitute a "series of similar acts for the purpose of thereby realizing pecuniary benefit" within the meaning of 15 P.S. § 2011 (C). However, the test of whether the defendant is amenable to the jurisdiction of this Court "includes the 'entry' into the Commonwealth by the foreign corporation by the physical presence of agents or property". Cecere v. Ohringer Home Furniture Co. etc., 208 Pa.Super. 138, 147, 220 A.2d 350, 356, (1966). Neither the distribution and sale of products by the defendant, Rachelson v. E. I. duPont deNemours & Co., 257 F. Supp. 257 (E.D.Pa.1966); Cecere, supra, nor the presence of independent sales representatives of the defendant, Miller v. Kiamesha-Concord, Inc., 420 Pa. 604, 218 A.2d 309 (1966), in Pennsylvania are in and of themselves sufficient to constitute "entry" so as to render the defendant amenable to the jurisdiction of this Court.

In Frisch v. Alexson Equipment Corporation, 423 Pa. 247, 224 A.2d 183 (1966), the case upon which plaintiff principally relies, the foreign corporation was not registered to do business in Pennsylvania and had no offices in Pennsylvania. Its officers and employees visited Pennsylvania and maintained close contact with Pennsylvania distributors. The Supreme Court held that "through its salaried employees who made *regular* monthly visits in Pennsylvania, through the sporadic visits of its executives and other employees and through the *close* collaboration with its distributors and those dealing with its products, even though on an independent contract basis" the foreign corporation had entered Pennsylvania performing a series of similar acts for pecuniary profit and was thereby rendered amenable to the jurisdiction of that Court. (Emphasis supplied) *Frish*, supra, at 252–253, 224 A.2d 183.

An examination of the record in this case does not disclose either the regular visits of salaried employees or the close collaboration with the sales representatives found to exist by the Supreme Court in *Frisch*. The defendant's officers and employees who have been to Pennsylvania and who have visited customers in Pennsylvania have done so on an infrequent and sporadic basis. The defendant's sales representatives are clearly independent contractors and there is no evidence of any sort in this record which would permit this Court to con-

clude, or which even suggests, that there was close collaboration between the defendant and the defendant's sales representatives.

This case is similar to *Cecere,* supra, where the foreign corporation maintained no office and owned no real estate or personal property in Pennsylvania. It had a manufacturer or sales representative in Pennsylvania who was paid on a commission basis against which there was no right to draw. The foreign corporation exercised no control over the representative's activities and method of selling its products and all sales were subject to the approval of the foreign manufacturer. The Court concluded, albeit reluctantly, that the foreign corporation was not "doing business" in Pennsylvania as that term was defined by the Pennsylvania Courts.

 In the light of the present posture of the relevant Pennsylvania law, this Court must conclude that the defendant is not amenable to service of process in this jurisdiction and sustain the defendant's motion to dismiss.[4] That issue must be determined in accordance with the laws of the State where this Court sits, Federal law being relevant only to decide whether the State's assertion of jurisdiction is offensive to due process requirements in compliance with International Shoe Co. v. State of Washington, etc., 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Having concluded that defendant is not subject to the jurisdiction of this Court, there is no necessity to determine whether venue is proper or whether this action should be stayed pending submission of the dispute to arbitration.

4. This Court has the power to withhold final deposition of defendant's motion to dismiss and to entertain a motion by plaintiff to transfer this action to a district where it "could have been brought", 28 U.S.C. § 1406(a), without itself first having jurisdiction over the person of the defendant. Goldlawr, Inc. v. Heiman, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed. 2d 39 (1962); Meench v. Raymond Corp.,

283 F.Supp. 68 (E.D.Pa.1968). However, since it does not appear that the statute of limitations has run and since it does appear that the plaintiff will have ample time and opportunity to file another action in a district court having jurisdiction over the person of the defendant this does not appear to be an appropriate case in which to do so.