Robert G. BURT, Sr. and Margie Helen Burt, individually and as parents and natural guardians of Robert G. Burt, Jr., a minor, Plaintiffs,

v.

NIAGARA MACHINE AND TOOL WORKS, Mackworth G. Rees, Inc. and Minneapolis-Honeywell Regulator Co., Inc., Defendants.

Civ. A. No. 47-68 Erie.

United States District Court
W. D. Pennsylvania.

July 17, 1969.

Knox, Graham, Pearson & McLaughlin, Erie, Pa., for plaintiffs.

Wayman, Irvin, Trushel & McAuley, Pittsburgh, Pa., for defendant Mackworth G. Rees, Inc.

Quinn, Plate, Gent, Buseck & Leemhuis, Erie, Pa., for defendant Minneapolis-Honeywell Regulator Co., Inc.

MacDonald, Illig, Jones, & Britton, Erie, Pa., for defendant Niagara Machine and Tool Works.

### OPINION

WEBER, District Judge.

This is a motion to dismiss by defendant Mackworth G. Rees, Inc., for lack of jurisdiction over the person of defendant. Defendant is a Delaware corporation with its principal office in Michigan, registered to do business in a number of states but not in Pennsylvania. Service of process was made by substituted service upon the Secretary of the Commonwealth of Pennsylvania under the Pennsylvania "long-arm" statute. (15 P.S. § 2011).

It would be hard to imagine a more frustrating intellectual experience for a journeyman trial judge than the consideration of the extensive briefs and penetrating oral arguments of two intense and enthusiastic counsel who attack the problem like medieval scholastics demonstrating a theological proposition before the Angelic Doctor. Counsel have covered the subject well.

The statute is brief. In our mind, with due respect to the wealth of judicial gloss, it is quite simple.

15 P.S. § 2011 (Pennsylvania Business Corporation Law, art. X, sec. 1011)

"C. For the purposes of determining jurisdictions of courts within this Commonwealth, the entry of any corporation into this Commonwealth for the doing of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object, or doing a single act in this Commonwealth for such purpose, with the intention of thereby initiating a series of such acts, shall constitute "doing business." [1]

We believe that these few lines are clear and that their meaning would be

apparent to the intelligent layman. But an examination of the extent of litigation and judicial interpretation of these few lines, and their antecedent variations, shows that from these five barley loaves and two fishes five thousand lawyers have been fed and there remains twelve baskets of crumbs (Matt: XIV, 13–21). We have put our contribution into one of the baskets, see Henderson v. New York Pressing Mach. Corp., 241 F. Supp. 425 (W.D.Pa.1965).

A corporation is an artificial or "legal" person. It is conceived and brought into being by the authority of a sovereign state and is given certain powers and duties by its parent state and is subject to the close and continued scrutiny of that state. One such duty is the obligation of submitting to suit in the courts of that state. Far more than a natural person it must report on its activities, its whereabouts, and the persons responsible for the conduct of its affairs. When it goes beyond the bounds of its parental sovereign jurisdiction it also becomes subject to the control of that sovereign state whose territory it enters by registering its whereabouts and naming the person within that state who shall be answerable for certain of its duties. If it invades another sovereign jurisdiction without reporting its presence there it may nevertheless be subject to the control of that invaded sovereignty even though none of the persons nor any property that physically manifests the corporation's existence may be found within the invaded territory at the time that it is called upon to respond to the sovereign's control. This control generally requires such "foreign" corporations to submit to being sued in the courts of the invaded state.

Such an extension of the power of a state to reach a person outside its borders, commonly called a "long-arm statute", is not without safeguards to protect the foreign corporation from an

---

1. The 1968 amendment is omitted as possibly not applicable to this action and not necessary to this decision, although it demonstrates an intent that "broad construction" is meant.

unreasonable imposition of control to which it has not assented. The Due Process Clause of the 14th Amendment to the United States Constitution provides limitations on such exercise of a state's power. International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S. Ct. 154, 90 L.Ed. 95 (1945). No such defense has been asserted here.

■ Service of process in a case filed in the United States District Court within a particular state is made under the provisions of F.R.Civ.Proc. 4(d) (3) which provides that service upon a foreign corporation may be made upon a person authorized by appointment or by law to receive such service. Pennsylvania law designates the Secretary of the Commonwealth as the party authorized by law in such cases. 15 P.S. § 2011, subd. B. The amenability of the foreign corporation to the jurisdiction of the Federal District Court within the state is a matter governed by state standards. Arrowsmith v. United Press International, 320 F.2d 219, 6 A.L.R.3d 1072 (2nd Cir. 1963). In determining state law the Federal District Courts are governed by the interpretation of that law by the highest appellate court of that state. Therefore we look to the decisions of the Supreme Court of Pennsylvania as our governing standard.

The defendant in resisting the jurisdiction of this court has cited a number of recent Federal District Court decisions from Districts within this state in support of his argument. We have examined these with care and we acknowledge their acute analysis of the statute and the controlling state decisions with respect to the facts of their particular cases. But they are not binding authority on this court. Therefore, and with due acknowledgment and respect, we do not find as controlling law Optico v. Standard Tool Co., 285 F.Supp. 46 (E.D. Pa.1968), and Meench v. Raymond Corp., 283 F.Supp. 68 (E.D.Pa.1968). We do not find any fault with these decisions, we find different factual situations.

Having in mind the admonition against conflicting interpretations of the law between judges of the same District, we have considered the opinion of Judge Dumbauld in Greco v. Bucciconi Engineering Co., 246 F.Supp. 261 (W.D.Pa. 1965) who found that a single entry into the Commonwealth did not contemplate the intention of initiating a series of such acts. Judge Dumbauld noted a similar result in our opinion in Henderson v. New York Pressing Mach. Corp., supra.

We will therefore look to the most recent pronouncements of the Supreme Court of Pennsylvania on similar factual situations as our controlling authority.

■ The most pertinent statement is that of the most recent reported decision, Myers v. Mooney Aircraft, Inc., 429 Pa. 177, 240 A.2d 505 (1968):

"The determination of whether a foreign corporation meets the legislative standard rests on an *ad hoc* basis; does the factual posture satisfy the statutory definition?" We find the following facts established:

1. Employees of defendant corporation came to Pennsylvania on a frequent, though not regularly scheduled, basis to explain and present new products to distributors and customers.

2. Employees of defendant corporation came to Pennsylvania on repeated occasions to exhibit the corporation's products at a booth set up by the corporation at industry trade shows.

3. Defendant corporation represents to its distributors and customers that it is ready to sent its employees into Pennsylvania at the request of customers or distributors to consult and advise on problems concerning the use or anticipated use of their products.

These factors eliminate the objection that the entries of the employees of defendant into Pennsylvania were sporadic, infrequent or for a limited single purpose; Meench v. Raymond Corp., supra, or that the single entry into the state was a one transaction affair not intended as the first of a series of similar acts for the purpose of realizing pe-

cuniary benefit, Greco v. Bucciconi Engineering Co., supra.

Of great weight in our mind is the evidence of successive entries of defendant corporation's personnel to exhibit its products at trade shows. The natural inference of this evidence is that a series of acts is contemplated for the purpose of producing pecuniary benefit to the corporation from sales of its products.

We also find another factor important here:

4. Defendant makes its sales in western Pennsylvania through an independent distributorship, Robinson-Waggoner. This company displays a stock of defendant's products, it distributes a catalogue of defendant's products under defendant's name, its sales representative carried business cards supplied by defendant identifying him as representing defendant's firm and no other, this firm agreed to handle no competing lines of products, and this firm's representative accompanies employees of defendants on visits to customers and prospective customers in the sales area. However, there appears to be a clearly contractual arrangement between distributor and defendant and orders taken by the distributor are subject to defendant's acceptance at its home office.

This evidence does not establish Robinson-Waggoner or its office in this District as an agent or a place where service of process upon defendant could be effected. Their relationship remains that of contractor-contractee, but the close relationship of this distributor to the defendant, while not controlling on the question of entry into this Commonwealth tends to support such a conclusion. This is a far closer relationship than that shown in Henderson v. New York Pressing Mach. Corp., supra, and resembles the situation in Frisch v. Alexson Equip. Corp., 423 Pa. 247, 224 A.2d 183 (1966), and Myers v. Mooney Aircraft, Inc., supra, where the close relationship with the distributor, although not controlling, was a factor to be considered in determining whether the cor-

poration had entered the Commonwealth by carrying on a series of similar acts for pecuniary profit in Pennsylvania.

We find under the evidence presented that the jurisdictional requirement of the Pennsylvania statute has been met.

## ORDER

And now, July 17, 1969, Motion of Defendant Mackworth G. Rees, Inc. to Dismiss is denied.