William F. NELSON, a minor, by Elizabeth L. Nelson, his mother and natural guardian and Elizabeth L. Nelson, in her own right

v.

DOLL FURNITURE COMPANY, A. E. Shutt, indiv. and t/a Doll Furniture Company, David Shutt, indiv. and t/a Doll Furniture Company, Fumilator Sales Company and Phillips and Martin Company.

Albertus W. VAN DER MEER

v.

DOLL FURNITURE COMPANY, A. E. Shutt, indiv. and t/a Doll Furniture Company, David Shutt, indiv. and t/a Doll Furniture Company, Fumilator Sales Company and Phillips and Martin Company.

Civ. A. Nos. 43305, 43329.

United States District Court
E. D. Pennsylvania.
July 28, 1969.

James E. Beasley, Beasley, Albert, Hewson & Casey, Philadelphia, Pa., for plaintiffs.

Frank M. Jakobowski, Philadelphia, Pa., for Doll Furniture Co., A. E. Shutt. t/a Doll Furniture Co., David Shutt, etc. & Fumilator Sales Co.

David F. Kaliner, Philadelphia, Pa., for Phillips & Martin Co.

## OPINION

HANNUM, District Judge.

The issue upon which disposition of these motions lies is whether the defendant, Phillips and Martin Company, was "doing business" in Pennsylvania within the meaning of the applicable statute.

Phillips and Martin Company, (hereinafter defendant), has moved for summary judgment in both of these cases, or in the alternative, to quash service of process.

These are suits for personal injury arising out of an explosion which occurred on or about July 31, 1967 at Yardley, Pennsylvania. William Nelson died following the accident and Albertus Van Der Meer was burned.

Defendant manufactured a stripping fluid for use in a furniture refinishing machine manufactured and sold by other defendants. The fluid was allegedly used in the machine involved in the explosion. Doll Furniture ordered this fluid according to its own formula, and it was sold to Doll and paid for directly by Doll. At the request of Doll, an Illinois Corporation, defendant made one shipment to Albertus Van Dermeer, at Yardley, Pennsylvania. The gross value of this shipment was $79.98. There is nothing in the record to indicate that there were any prior or subsequent shipments or acts of any kind carried out in this jurisdiction by defendant.[1]

The dispute does not presently concern the method of service which was in accordance with Rule 4(d) (3). There must exist facts which provide an adequate basis for the assertion of in personam jurisdiction over a non-resident.

State and not Federal standards determine the amenability of a foreign corporation to service of process. Arrowsmith v. United Press International,

[1]. The records to which we have referred for the disposition of these motions are the Answers to Plaintiffs' Interrogatories, sworn to by Frank A. Embrey, President of Phillips and Martin Co. and the Af- fidavit, sworn to by Clyde M. Phillips, also a President of Phillips and Martin Co. and also the Pleadings filed by plaintiffs.

320 F.2d. 219, 6 A.L.R.3d 1072 (2nd Cir. 1963); Rachelson v. E. I. duPont de-Nemours & Co., 257 F.Supp. 257 (E.D. Pa.1966). This power is limited by the Due Process Clause of the Fourteenth Amendment.

The Pennsylvania law in effect at the time of service of process on defendant in 1967 read:

15 P.S. § 2011(C)

"For the purposes of determining jurisdictions of courts within this Commonwealth, the entry of any corporation into this Commonwealth for the doing of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object, or doing a single act in this Commonwealth for such purpose, with the intention of thereby initiating a series of such acts, shall constitute 'doing business.'"

By act of Legislature of July 20, 1968 that statute was amended to read:

"the doing by any corporation in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object, or doing a single act in this Commonwealth for such purpose, with the intention of thereby initiating a series of such acts, shall constitute 'doing business.' For the purposes of this subsection the shipping of merchandise directly or indirectly into or through this Commonwealth shall be considered the doing of such an act in this Commonwealth."

■ The validity of service of process is determined under Pennsylvania statute as it existed at the time of service, and not under the amended statute. Flaherty v. United Engineers & Constructors, Inc., 191 F.Supp. 661, 662, 663 (E.D.Pa.1961); Myers v. Mooney Aircraft, Inc., 429 Pa. 177, 184, 240 A.2d 505 (1967).

■■ The record indicates that defendant is an Illinois corporation engaged in the sale and distribution of chemicals.

Defendant is not, and never was, registered to do business in Pennsylvania. It has never had any office, plant, business location, property, bank account, mailing address, telephone listing or other business facility in Pennsylvania. It has no affiliate or subsidiary which has ever engaged in business in Pennsylvania. It has never paid, or been called upon to pay any Pennsylvania Tax. It has no sales representatives in Pennsylvania, nor have any of its agents or employees ever gone into the State of Pennsylvania for the purpose of soliciting business, or for any other purpose.

The only contact which the record discloses defendant had within the Commonwealth of Pennsylvania is the shipment of $79.98 worth of chemicals to Yardley, Pennsylvania, at the request of and after sale to Doll Furniture Co., an Illinois Corporation.

"The burden of establishing that the defendant did business in Pennsylvania at the time of purported service rests upon plaintiff. Sherman v. Weber Dental Manufacturing Company, Civil No. 41240, 285 F.Supp. 114 (E.D. Pa.1968)." Optico Corporation v. Standard Tool Company, 285 F.Supp. 46, 48 (E.D.Pa.1968)

Plaintiffs have cited no case law to sustain their burden and rely solely on the 1968 amendment to 15 P.S. § 2011(C). That statute, as discussed above, is not relevant to these actions.

The Court in *Optico*, supra, held at p. 49 that

"* * * the test of whether the defendant is amenable to the jurisdiction of this Court 'includes the "entry" into the Commonwealth by the foreign corporation by the physical presence of agents or property'. Cecere v. Ohringer Home Furniture Co., 208 Pa. Super. 138, 147, 220 A.2d 350 (1966). Neither the distribution and sale of products by the defendant, Rachelson v. E. I. duPont deNemours & Co., 257 F.Supp. 257 (E.D.Pa.1966); Cecere, supra, nor the presence of inde-

pendent sales representatives of the defendant, Miller v. Kiamesha-Concord, Inc., 420 Pa. 604, 218 A.2d 309 (1966), in Pennsylvania are in and of themselves sufficient to constitute 'entry' so as to render the defendant amenable to the jurisdiction of this Court."

The Court in *Optico*, supra, concluded that the defendant in that action was not subject to personal service and jurisdiction where the defendant was selling an average of $150,000.00 annually in Pennsylvania, servicing those products and sending sales representative in the jurisdiction on an average of twice a year.

In the view of the applicable Pennsylvania Statute and law, this Court must conclude that the defendant is not amenable to service of process in this jurisdiction, will, while refusing to dismiss the cases, transfer Plaintiffs' Complaints as to defendant Phillips and Martin Co. to the District Court of the Northern District of Illinois under 28 U.S.C. § 1406(a). The language of § 1406(a) is amply broad enough to authorize the transfer of cases, however wrong the plaintiff may have been in filing his case as to venue, whether the court in which it was filed has personal jurisdiction over the defendants or not. Goldlawr Inc., v. Heiman, 369 U.S. 463, 466, 467, 82 S.Ct. 913, 916, 8 L.Ed.2d 39 (1962).

> "When a lawsuit is filed, that filing shows a desire on the part of the plaintiff to begin his case and thereby toll whatever statutes of limitation would otherwise apply. The filing itself shows the proper diligence on the part of the plaintiff which such statutes of limitation were intended to insure. If by reason of the uncertainties of proper venue a mistake is made, Congress, by the enactment of § 1406(a), recognized that 'the interest of justice' may require that the complaint not be dismissed but rather that it be transferred in order that the plaintiff not be penalized by what the late Judge Parker aptly characterized as

'time-consuming and justice-defeating technicalities' ".

See also Founds v. Shedaker, 278 F.Supp. 32 (E.D.Pa.1968).