John J. **BURNS**, Jr. and Harry E. Weber

v.

**BALTIMORE MOTOR COACH COMPANY.**

Civ. A. No. 69–376.

United States District Court
E. D. Pennsylvania.

Aug. 14, 1969.

684

Klinger, Heller & Simone, Philadelphia, Pa., for plaintiffs.

Thomas O. Malcolm, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

This is an action for personal injuries arising out of a motor vehicle accident which occurred on the Baltimore-Washington Expressway in the State of Maryland. The plaintiffs were passengers in a bus involved in the accident which was owned and operated by the defendant. Presently before the Court is the defendant's motion to quash service of process.

Service of process was made on the defendant through the Secretary of the Commonwealth of Pennsylvania pursuant to the provision of 15 P.S. § 2011 which provides for such service on "[a]ny foreign business corporation which shall have done any business in this Common-

wealth * * *" (subsection B) as follows (subsection C):

> "For the purposes of determining jurisdictions of courts within this Commonwealth, the doing by any corporation in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object, or doing a single act in this Commonwealth for such purpose, with the intention of thereby initiating a series of such acts, shall constitute 'doing business'. For the purposes of this subsection the shipping of merchandise directly or indirectly into or through this Commonwealth shall be considered the doing of such an act in this Commonwealth."

In support of its motion to quash it is contended by the defendant that it is a corporation existing under the laws of the State of Maryland, that it is not doing business in the Commonwealth of Pennsylvania, and that it is not subject to service of process in this district.[1]

The deposition testimony of the General Manager of the defendant, which has been filed and made a part of this record, indicates that the defendant is a Maryland corporation engaged in the bussing business. Its entire operation consists of regular bus service and chartered bus trips. The regular bus service consists of seasonal service between Baltimore, Maryland, and racetracks located in several states. The chartered bus trips originate in either Baltimore, Maryland, or Annapolis, Maryland, pass through or stop at points of interest located in several different states and then return to the point of origin.

The only contact of the defendant with the Commonwealth of Pennsylvania occurs in those instances when chartered buses owned and operated by the defendant either pass through the Commonwealth enroute to a point of interest lo-

---

1. There has been no suggestion by counsel for the defendant that the legislative standard of doing business as set forth at 15 P.S. § 2011(C) is inconsistent with the due process clause of the Fourteenth Amendment.

cated in some other state or travel to some point of interest located in this Commonwealth. These chartered trips have been made into this Commonwealth on many occasions and for a variety of reasons since 1933. The trips originate in either Annapolis or Baltimore and passengers are boarded and fares are paid only at the point of origin. When the bus reaches its intended destination the passengers are discharged and left on their own and the bus and driver await their return. Once the passengers complete their tours or whatever else was intended by the trip, they are boarded on the bus and returned to the point of origin where they are discharged.

The determination of whether a foreign corporation meets the legislative standard of doing business as contemplated by 15 P.S. § 2011(C) rests on an ad hoc basis. Myers v. Mooney Aircraft, Inc., 429 Pa. 177, 240 A.2d 505 (1967). It is defined as "the doing * * * in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit". This language in the statute contemplates a systematic course of conduct as contrasted with isolated or sporadic occurrences. Greco v. Bucciconi Engineering Co., 246 F.Supp. 261 (W.D.Pa.1965).

A review of this record, in the light of the legislative standard and the case law construing it, indicates that the defendant has had sufficient contacts with this Commonwealth to justify a finding that it is doing business in Pennsylvania. Since the year 1933 and continuing at least to the time of service, the defendant has transported people on chartered trips to points of interest at various locations in Pennsylvania and through Pennsylvania to points of interest located in other states. These chartered trips take place on a constant and recurring basis and are obviously for the purpose of realizing a pecuniary benefit.

At oral argument counsel for the defendant placed a great deal of emphasis on the fact that these trips begin and end only in the State of Maryland, that passengers are taken on only in the State of Maryland and that fares are paid over to the defendant only in the State of Maryland. The suggestion appears to be that these factors, together with the actual transporting of people, constitute the business of the defendant and that the mere transporting of people into and out of, and through, this Commonwealth is not sufficient in and of itself to constitute doing business for purpose of substituted service of process.

The determination of whether a foreign corporation is doing business in this Commonwealth should not depend upon wholly fortuitous circumstances such as the place of payment or the point of origin or the point of ultimate discharge. The most recent amendment to the substituted service statute, 15 P.S. § 2011, makes it abundantly clear that these factors urged by the defendant are not necessarily controlling. On July 20, 1968, effective thirty (30) days thereafter,[2] subsection C of that statute was amended and now provides that the "shipping of merchandise directly or indirectly into or through this Commonwealth" on a constant and recurring basis for the purpose of realizing pecuniary benefit constitutes doing business for purposes of substituted service of process. No mention is made of the place of payment or the point of shipment or the ultimate destination of the merchandise. While it is true that the defendant is not engaged in the manufacture or shipment of merchandise, but in a service oriented business, if the shipment of merchandise into or through this Commonwealth is sufficient contact to constitute doing business under the legislative standard, then the transportation of people into and through this Commonwealth on chartered trips is likewise sufficient contact to constitute doing business for purposes of substituted service.

We will, therefore, deny the defendant's motion to quash service of process.

2. Service of process in this case was made well after the effective date of the amendment.