McCULLY–SMITH ASSOCIATES, INC.,
a corporation, Plaintiff,

v.

ARMOUR AND COMPANY, a corporation, and Daniel W. Smith,
Defendants.

Civ. A. No. 69–480.

United States District Court,
W. D. Pennsylvania.

Sept. 18, 1972.

Thomson, Rhodes & Grigsby, Pittsburgh, Pa., for plaintiff.

Thorp, Reed & Armstrong, Pittsburgh, Pa., for defendant Armour and Co.

Kenney, Stevens, Clark & Semple, Pittsburgh, Pa., for defendant Smith.

MEMORANDUM ORDER

SCALERA, District Judge.

This action involves alleged tortious interference by defendants Armour and Company and Daniel W. Smith, an employee of Armour, with a contract between plaintiff and defendant Armour and also tortious inducement of a refusal to deal on the part of defendant.

Now pending before this court is defendant Daniel W. Smith's motion to quash service of process.

Plaintiff first attempted to serve defendant Smith by leaving a copy of the summons and complaint with a representative of Armour at the Pittsburgh job site. It later conceded this attempt was invalid at a hearing before Judge Dumbauld on October 29, 1969.

Plaintiff then attempted to obtain substituted service on defendant Smith on June 10, 1969, by mailing a certified letter to the Secretary of the Commonwealth and to defendant's house in Louisville, Kentucky, which was returned to the sender. Defendant moved to quash this service of process, asserting defendant has not been properly served under Pennsylvania rules and statutes. Plaintiff avers service on Smith has been properly effectuated

pursuant to Pennsylvania Rules of Civil Procedure 2077 and 2079 and pursuant to Pennsylvania's Act of July 1, 1970, P.L. ——, No. 152, 12 P.S. § 341.

It is plaintiff's contention that defendant has concealed his whereabouts and is a non-resident engaged in business in the Commonwealth and is therefore amenable to substitute service of process as effected pursuant to Pennsylvania Rules of Civil Procedure 2077 and 2079. These rules provide:

Rule 2077. Application of Rules

(a) The rules of this chapter apply to

(1) actions as to which the laws of this Commonwealth authorize service of process upon a non-resident, or a resident who becomes a non-resident or who conceals his whereabouts; and

(2) actions as to which the laws of this Commonwealth authorize service of process upon a non-resident individual engaged in business within the Commonwealth.

Rule 2079. Service of Process

(a) If an action of the class specified in Rule 2077(a)(1) is commenced in the county in which the cause of action arose, process may be served upon the defendant personally or by having the sheriff of said county send by registered mail, return receipt requested, a true and attested copy of the process:

(1) to the Secretary of the Commonwealth, accompanied by the fee prescribed by law, and

(2) to the defendant at his last known address with an endorsement thereon showing that service was made upon the Secretary of the Commonwealth.

(b) If an action of the class specified in Rule 2077(a)(2) is commenced in the county in which the cause of action arose or in a county in which he is engaged in business, process may be served upon the defendant personally or by having the sheriff of the county in which the action is commenced, or by having a duly deputized sheriff, hand a true and attested copy of the process at any office or usual place of business of the defendant to the agent, clerk or person for the time being in charge thereof. Adopted July 3, 1942. Eff. March 1, 1943.

▇ We find defendant has not been properly served under 2077. Rule 2077(a)(1) only applies to non-resident automobile owners or operators, 75 P.S. § 2001 et seq., non-resident aircraft owners or operators, 2 P.S. § 1410 et seq., non-resident owner or operator of vessel, 12 P.S. § 336, and non-resident owners of real estate, 12 P.S. § 331 et seq., whenever the automobile, aircraft, vessel, or real estate is involved in an action for damages. There are no other statutes satisfying Rule 2077(a)(1). 4 Anderson Pa. Civil Procedure § 2077.6. As defendant Smith does not fit into one of these categories, he may not be served under Rule 2077(a)(1).

Defendant Smith has not been properly served under Rule 2077(a)(2). Rule 2079(b) provides that service may be effectuated in a Rule 2077(a)(2) action by either serving the defendant personally or by having the sheriff leave a copy of the process at defendant's place of business. Plaintiff attempted to serve Mr. Smith by mailing a certified letter to the Secretary of the Commonwealth and to defendant's house in Louisville. Plaintiff has not complied with the manner of service prescribed by Rule 2079(b).

▇ Plaintiff contends defendant Smith has been properly served under Pennsylvania's new long arm statute, 12 P.S. § 341, which provides for substitute service of process upon a non-resident committing a tort within the Commonwealth, even though service was made prior to the passage and effective date of the statute, July 1, 1970.

▇ The validity of process is determined as of the date service is made. Myers v. Mooney Aircraft, Inc., 429 Pa. 177, 240 A.2d 505 (1967); Senowiat v.

Colonial Supply Co., 53 Pa.Dist. & Co. R.2d 528 (1971). Since defendant Smith was served prior to the passage of the statute and since no attempt was made to re-serve him, the new long arm statute cannot be applied in this case. Nelson v. Doll Furniture Co., 304 F. Supp. 159 (E.D.Pa.1969); United States v. Rosal, 191 F.Supp. 663 (S.D.N.Y. 1960).