**E. Paul HENSON and Janet E. Henson,**
**his wife**

v.

**FRED HARVEY, INC.**

**Civ. A. No. 69-374.**

United States District Court
E. D. Pennsylvania.

Jan. 15, 1970.

Francis X. Hope, Jr., Hope & Portnoff, Paoli, Pa., for plaintiffs.

G. Wayne Renneisen, Liebert, Harvey, Herting, Short & Lavin, Philadelphia, Pa., for defendant.

## OPINION AND ORDER

HANNUM, District Judge.

This is a motion to dismiss by the defendant, Fred Harvey, Inc., on the ground that the defendant is not doing business in Pennsylvania, and that, therefore, this Court lacks jurisdiction over its person.

On May 8, 1967, the wife-plaintiff allegedly sustained personal injuries in the dining room of defendant's hotel in Grand Canyon National Park, Arizona when she was struck from behind by a cart being wheeled by an employee of the defendant.

During the course of the argument on this motion, it developed that the only contact that the defendant has with Pennsylvania is that it advertises in this Commonwealth by travel brochures to numerous independent travel agencies. This fact remains undisputed. It is clear that the burden of establishing that the defendant corporation was doing business in Pennsylvania at the time of the purported service so that its person would be subject to the jurisdiction of the court is upon the plaintiff. Pa.Stat. Ann. tit. 15 § 2011 (Supp. 1969); Optico Corporation v. Standard Tool Co., 285 F.Supp. 46 (E.D.Pa.1968). After reviewing the file and the appropriate pleadings, the court concludes that the plaintiff has not sustained its burden and that the defendant corporation is not doing business in Pennsylvania. Miller v. Kiamesha-Concord, Inc., 420 Pa. 604, 218 A.2d 309 (1966); Di Lido Hotel v. Nettis, 215 Pa.Super. 284, 257 A.2d 643 (1969).

However, this court has the power to withhold final disposition of defendant's motion to dismiss and to entertain a motion by plaintiff to transfer this action to a district where it could have been brought without itself first having jurisdiction over the person of the defendant, 28 U.S.C.A. § 1406(a); Goldlawr, Inc. v. Haiman, 369 U.S. 463, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962); Meench v. Raymond Corp., 283 F.Supp. 68 (E.D.Pa.1968).

It would be inappropriate to grant the defendant's motion to dismiss unconditionally since the Statute of Limitations in plaintiffs' cause of action has already run and such dismissal would bar plaintiffs' claim. Accordingly, this court will withhold final disposition of defendant's motion for a period of fifteen (15) days from the date of this Opinion and Order to permit plaintiff to file a motion to transfer this case to a District Court having jurisdiction over the defendant. If the plaintiffs file no motion to transfer in the next fifteen (15) days, the court will dismiss this action.