Clifford BENN

v.

**LINDEN CRANE CO. et al.**
**Civ. A. No. 70-542.**

United States District Court,
E. D. Pennsylvania.

April 30, 1971.

Robert Land, Philadelphia, Pa., for plaintiff.

Joseph R. Thompson, George J. Lavin, Jr., Arthur T. McWilliams, John H. Lewis, Jr., Philadelphia, Pa., for defendants.

## MEMORANDUM OPINION AND ORDER

VANARTSDALEN, District Judge.

Defendant, Linden-Alimak, is a non-registered, foreign country corporation with its principal place of business in Sweden. Plaintiff, Clifford Benn, a Pennsylvania resident, instituted this suit because of an accident that happened in Pennsylvania wherein he alleges his injury resulted from a malfunction of a crane manufactured by Linden-Alimak.

Linden-Alimak has moved to dismiss this action and quash service of the summons and complaint on the ground that it is neither present nor doing busi-

ness in Pennsylvania and, thus, this Court lacks jurisdiction.

Since this is a diversity action, the defendants' amenability to suit here is determined in accordance with the law of Pennsylvania. Meench v. Raymond Corp., 283 F.Supp. 68 (E.D.Pa.1968). The law relevant to the disposition of this case is Section 1011 of the "Business Corporation Law" of Pennsylvania, Act of May 5, 1933, P.L. 364, Article 10, Section 1011, Sub-Section C as amended. 15 P.S. § 2011 (pocket parts 1971).

"C. For the purposes of determining jurisdictions of courts within this Commonwealth, the doing by any corporation in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object, or doing a single act in this Commonwealth for such purpose, with the intention of thereby initiating a series of such acts, shall constitute 'doing business.' For the purposes of this subsection the shipping of merchandise directly or indirectly into or through this Commonwealth shall be considered the doing of such an act in this Commonwealth. As amended 1968, July 20, P.L. ——, No. 216, § 54, effective in 30 days."

In accordance with Rule 4(d) (3) and 4(d) (7), Federal Rules of Civil Procedure, service was affected by having the United States Marshal for the Eastern District of Pennsylvania transmit a copy of said complaint, by registered mail, to said defendant at his office in Vasteras, Sweden. The issue to be decided now is the narrow one of whether the defendant's activities in Pennsylvania were such as to satisfy Pennsylvania statutory standard of "doing business".

■ At the hearing on defendant's motion, counsel argued their contentions with respect to an affidavit by defendant's president and defendant's answers to plaintiff's interrogatories. The following relevant facts were adduced from this evidence:

1. Defendant, Linden-Alimak, is a corporation organized and existing under the laws of Sweden.

2. Defendant had appointed no agent for service of process in the Commonwealth of Pennsylvania.

3. Defendant has not obtained a certificate of authority from the Department of State to do business in the Commonwealth of Pennsylvania.

4. Defendant has had no office in the Commonwealth of Pennsylvania.

5. Defendant has had no real or personal property in the Commonwealth of Pennsylvania.

6. Defendant has had no bank accounts in the Commonwealth of Pennsylvania.

7. Defendant has maintained no employees in the Commonwealth of Pennsylvania.

8. Defendant has not advertised its products within the Commonwealth of Pennsylvania.

9. Defendant has not had a telephone listing within the Commonwealth of Pennsylvania.

10. Defendant has not solicited business within the Commonwealth of Pennsylvania.

11. Defendant has not executed contracts within the Commonwealth of Pennsylvania.

12. All sales of cranes manufactured by this defendant are sold f. o. b. Swedish Port of Shipment to defendant, Heede International, Inc.

13. Defendant sold its line of products to Heede International, Inc., Greenwich, Connecticut.

14. In answer to plaintiff's interrogatory No. 50:

"Has the defendant, during the past five years shipped any of its goods or products to distributors for ultimate shipment into Pennsylvania?"

Defendant answered:

"All purchases are made by Heede International f. o. b. Swedish port,

which has exclusive control over shipment to the United States."

From the recitation of these facts, it is clear that the question of jurisdiction in this case depends on an interpretation of the 1968 Amendment. Did Linden-Alimak ship merchandise directly or indirectly into or through this Commonwealth? The 1968 Amendment is controlling since it is well settled that with respect to procedural matter the law as of the time the action is commenced controls. Wenzel v. Morris Distributing, Inc., 439 Pa. 364, 266 A.2d 662; Killian v. Allegheny County Distributors, 409 Pa. 344, 185 A.2d 517.

Because the Amendment is relatively new, no controlling Pennsylvania case has been found which interprets this specific language. From a reading of the Pennsylvania case law as to what constitutes "doing business", it appears that the Pennsylvania Supreme Court has adopted a liberal view. It further appears that the language added in 1968 was intended to reach to the constitutional limit as announced in International Shoe Company v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95. The *International Shoe* case established the due process test of such "minimal contacts" as do not offend one's sense of fair play and equal justice. That standard is naturally broad enough to encompass the diverse factual situations to which it must be applied.

■ Plaintiff has the burden of establishing that the defendant corporation was "doing business" in Pennsylvania at the time of the purported service as defined by the statute. Optico Corporation v. Standard Tool Co., 285 F.Supp. 46 (E.D.Pa.1968); Henson v. Fred Harvey, Inc., 308 F.Supp. 218 (E.D.Pa. 1970).

Plaintiff urges that defendant's answer to its interrogatories Numbers 50, 51 (Fact #14) indicates that defendant knew that some of its cranes would eventually end up in Pennsylvania, further that the crane that allegedly caused the injury was manufactured by defendant and it was in Pennsylvania at the time of the accident. These facts, plaintiff contends, are sufficient to establish a shipment either "directly or indirectly" into Pennsylvania.

■ A shipment of goods indicates a conscious placement of those goods into the stream of commerce. Obviously, if a manufacturer sells his products directly to the ultimate consumer, the movement of those goods pursuant to the sale would be a direct shipment. However, economic and business reasons dictate that goods will pass through any number of people in a distributive chain before they reach the ultimate consumer. It is the movement of goods through this distributive chain that in this case constitutes an "indirect shipment". Linden-Alimak manufactured and sold a crane f. o. b. Swedish port to a purchaser (also a co-defendant) that had exclusive control over shipment of the manufacturer's products to the United States. Linden-Alimak had reason to know that the crane would be resold for ultimate use and operation in the United States. The crane, while being operated in Pennsylvania, allegedly injured plaintiff by reason of a malfunction claimed to be caused by the negligence of the manufacturer and others. Under these facts, I find that Linden-Alimak made an "indirect shipment of goods" into Pennsylvania and was "doing business" within the definition of the Pennsylvania statute. Linden-Alimak is thereby rendered subject to the jurisdiction of this Court.

In Keckler v. Brookwood Country Club, 248 F.Supp. 645 (N.D.Ill.1965), the federal district court was called on to interpret the meaning of an Illinois statute which gave Illinois in personam jurisdiction over a person who committed a tortious act in that state. The *Keckler* court noted at page 650:

"The manner in which the injury-producing defect came about has no impact on the question of jurisdiction: the jurisdictional act is not the creation of a defect, but the distribution of defective products in a national way. When a manufacturer volun-

tarily chooses to sell his product in a way in which it will be resold from dealer to dealer, transferred from hand to hand and transported from state to state, he cannot reasonably claim that he is surprised at being held to answer in any state for the damage the product causes."

In the recent case of Duple Motor Bodies, Ltd. v. Hollingsworth, 417 F.2d 231 (9th Cir. 1969), the Ninth Circuit interpreting a tortious act statute said:

"We do not regard it as offensive to fair play or substantial justice or an undue burden on foreign trade to require a manufacturer to defend his product wherever he himself has placed it, either directly or through the normal distributive channels of trade. If it is clearly foreseeable as a result of trade with a foreign state that injury from a defective product (if it occurs) would occur in that state, the hardship of defending the product in that state in our judgment must be assumed as an attribute of foreign trade."

The Amendment in question was adopted by the Pennsylvania legislature after the Supreme Court of Pennsylvania adopted the concept of strict liability as set forth in Section 402A, Restatement of Torts 2nd (1965), Webb v. Zern, 422 Pa. 424, 220 A.2d 853. It is reasonable to conclude that one of the purposes of this legislation was to make amenable to Pennsylvania jurisdiction those foreign corporations whose products cause damage or injury in Pennsylvania however circuitous their distributive chain may be.

For these reasons, I find that there were sufficient contacts between defendant and Pennsylvania at the time this action was instituted to come within the broad constitutional limits of due process as set forth in International Shoe Company v. State of Washington, *supra,* and later cases. Under the facts of this case, it is unnecessary to decide just how far the term "shipping of merchandise directly or indirectly into or through" Pennsylvania may extend within the constitutional limits of "due process". As applied to the facts herein disclosed and the statute as herein interpreted, the extension of jurisdiction over the Swedish corporation, Linden-Alimak, I find does not violate "due process" nor offend the "notions of fair play and equal justice". Accordingly, defendant's motion to dismiss is denied.