**LTM CORPORATION et al., Plaintiffs,**

v.

**EDWARD M. LIVINGSTON & SONS, INC., Defendant.**

**Civ. A. No. 71–1090.**

United States District Court, E. D. Pennsylvania.

March 24, 1972.

Tubis, Schwartz, & Ziegler, Philadelphia, Pa., for plaintiffs.

Schnader, Harrison, Segal & Lewis, by Jerome J. Shestack, Philadelphia, Pa., for defendant.

## OPINION

**HIGGINBOTHAM, District Judge.**

The above-captioned civil action is brought by several plaintiffs to recover for alleged breaches of warranties and misrepresentations in connection with the sale of the car wash equipment in question. The defendant, Edward Livingston & Sons, Inc., is a Missouri Corporation, duly organized and qualified under the laws of that State with its principal & sole office located in Kansas City, Missouri. The defendant has made a motion to dismiss for lack of jurisdiction over the person pursuant to Rule 12(b) of the Federal Rules of Civil Procedure and in the alternative a motion for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. For the reasons appearing hereinafter, I deny both of the defendant's motions.

■ Because the above civil action is a diversity action, the question of whether the defendant can be served in Pennsylvania is a question of Pennsylvania law within federal constitutional due process limitations. Benn v. Linden Crane Co., 326 F.Supp. 995 (E.D.Pa. 1971) The relevant statute which supports my finding of jurisdiction is the Pennsylvania Business Corporation Law, 15 P.S. § 1001 et seq., as amended in 1968:

"C. For the purposes of determining jurisdictions of courts within this Commonwealth, the doing by any corporation in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object, or doing a *single act* in this Commonwealth for such purpose, with the intention of thereby initiating a series of such acts, shall constitute 'doing business.' For the purposes of this subsection the shipping of merchandise *directly or indirectly* into or through this Commonwealth shall be considered the doing of such an act in this Commonwealth." 15 P.S. § 2011, subd. C. (Emphasis added.) (Supp. 1971)

Thus, the question for my determination is whether the acts of the defendant were sufficient to bring the corporation within the Pennsylvania standard of "doing business," and thus give this court jurisdiction.

From the affidavits and briefs filed in this action, it appears that the defendant is a Missouri Corporation with no agents or other representatives in Pennsylvania. There is no dispute that the defendant shipped the equipment and supplies in question into Pennsylvania, F.O.B. Kansas City, Missouri, during a period beginning in 1967 and ending in mid-1970. Finally, while the defendant asserts that it has done no local advertising in Pennsylvania, the plaintiff asserts, and the defendant does not deny, that two of the defendant's officers and agents were present at a trade show October 15–17, 1970 in Philadelphia where literature and advertising of the defendant were distributed.

■ From the above facts, it becomes clear that the defendant has done a "series of similar acts" sufficient to constitute the doing of business within the Commonwealth. In addition the new language of the amendment provides that the "direct or indirect shipment" of merchandise into the Commonwealth is a sufficient "act." Here, the shipment of merchandise in question F.O.B., Kansas City, is the "direct shipment" required by the statute to confer jurisdiction.

■ As the statute is relatively recent, there has been only one Pennsylvania case interpreting the amendment. In Garis v. Mouldings, Inc., 53 Pa.Dist. & Co.R.2d 53, (1971), the Pennsylvania Court found that jurisdiction existed over an Oregon corporation which had no office, plant, bank account, telephone, employees, mailing address, and no salesman or agents within the Commonwealth of Pennsylvania. The Court held that under the 1968 amendment to the Business Corporation Act there was no

need for an actual "entry" into Pennsylvania and that "direct" shipment to an independent distributor in Pennsylvania was sufficient to establish the requisite jurisdictional nexus. Further, in Benn v. Linden Crane Co., 326 F.Supp. 995, 997 (E.D.Pa.1971), Judge Van Artsdalen denied a motion to dismiss under 15 P.S. § 2011, subd. C as amended in a case involving the shipment of a crane F.O.B. Sweden to a Connecticut distributor and then to a Pennsylvania consumer. There, he found that the shipment to Philadelphia via Connecticut constituted an "indirect shipment" within the meaning of 15 P.S. § 2011, subd. C as amended. It should be noted that the instant case is even a stronger one for asserting jurisdiction as here the defendant knew exactly to whom and where the goods were going. There can be no claim that the defendant was surprised when he was called to defend a suit in Pennsylvania. Thus, I find that Edward Livingston & Sons, Co., the defendant, made "direct shipment of goods" and was "doing business" at the time of the shipment. Once having done business sufficient to bring its activities within the statute, the defendant asserts that its failure to ship any goods into the Commonwealth from mid-1970 to the present constitutes a withdrawal from its previously acquired status and therefore a removal of jurisdiction. This argument must fail, for once having done acts sufficient to bring the corporate defendant within the parameters of the statute, the defendant continues in that status for all suits arising in connection with the sales which created that status. In other words, having once received the benefit of Pennsylvania commerce, the defendant cannot complain when he is called to defend a suit arising directly from that series of transactions. Thus, at least for purposes of the sales in question, the defendant was "doing business" at the time of the sales and has continued in that status to the present.[1]

■ While the Pennsylvania statute provdes that the doing of a single act is sufficient to bring the corporation within the statute, I am not faced with the difficult question of whether in those circumstances the statute would come within the constitutional limits of due process as stated by the Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) and McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957). It should be pointed out that both District Courts in Pennsylvania which have considered the constitutionality of the statute in factual situations involving only one shipment have upheld the constitutionality of the Statute.[2] I find that under the facts of the instant case there is no violation of the due process by requiring the defendant to appear and defend the action in this district as the defendant has the required "minimal contacts" here. International Shoe Co. v. Washington, *supra.*

For all the above reasons, I find that the plaintiff has met his burden in showing that the defendant has done sufficient, acts to give this court jurisdiction under 15 P.S. § 2011, subd. C as amended (Supp.1971).

---

1. Pennsylvania has created for its citizens the same protection which California gave its citizens in McGee v. International Life Ins. Co., *supra.* Similarly, having accepted the Pennsylvania business, the defendant, Livingston, has "no vested right not to be sued" in Pennsylvania. McGee, *supra,* at 224, 78 S.Ct. at 202.

2. Gorso v. Bell Equipment Corp., 330 F. Supp. 834 (W.D.Pa.1971); Benn v. Linden Crane Co., 326 F.Supp. 995 (E.D.Pa. 1971).