**Elton Ray HILL**

v.

**J. M. LEHMANN COMPANY, Inc., a/k/a and d/b/a JML Trading Corp. and J. M. Lehmann, et al.**

**Civ. A. No. 71–845.**

United States District Court,
E. D. Pennsylvania.

June 30, 1972.

John W. Walter, Marshall, Dennehey & Warner, Philadelphia, Pa., for plaintiff.

J. Grant McCabe, III, Rawle & Henderson, Stanley P. Ticktin, Philadelphia, Pa., for defendants.

## MEMORANDUM OPINION AND ORDER

VanARTSDALEN, District Judge.

This is a products liability trespass action [1] in which one of the defendants,

---

1. Restatement (Second) of Torts, § 402A (1965).

JML Trading Corp. (hereinafter JML), has moved to dismiss for lack of jurisdiction over the person. JML has actually raised a defense by way of motion under Rule 12(b)(5), Federal Rules of Civil Procedure, for insufficiency of service of process. The question presented is whether JML was "doing business" in Pennsylvania at the time service of process was made. This is a diversity case and as such this court must apply the law of Pennsylvania in determining whether service was proper as to JML. Nelson v. Doll Furniture Company, 304 F.Supp. 159 (E.D.Pa. 1969). Section 1011 of the "Business Corporation Law" of Pennsylvania sets forth the standard for service of process upon a foreign corporation not registered to do business in Pennsylvania. Pa.Stat. tit. 15, § 2011, subd. C (Supp. 1972).

JML is a New York corporation and it does not have a place of business in Pennsylvania. But for the history of succession of the various corporations involved, JML would appear to have no interest in this litigation. A brief resume of that history will emphasize this point.

On April 25, 1969, plaintiff, an employee of the Kensington Wagon Works in Philadelphia, a division of Wikoff Color Corp., was injured while operating an ink rolling mill during the course of his employment. The machine in question was manufactured by J. M. Lehmann Company, Inc. (hereinafter Lehmann). Lehmann was incorporated under the law of New York in 1919, and controlling interest was held by German citizens. During the Second World War, the alien property custodian took control of the company on behalf of the United States. Subsequently, in 1952, the United States sold the stock of Lehmann to the predecessors of the present owners.

In October, 1961, Lehmann sold the assets along with the exclusive right to the use of the name, "J. M. Lehmann Company, Inc.", to Mullins Manufacturing Corp. in exchange for stock in the latter corporation. Lehmann, by proper legal procedures, then changed its name to JML Trading Corp. JML is presently a real estate holding company.

The machine itself was originally sold by Lehmann to the DuPont Company in 1937. In late 1961, the machine was taken back in trade and then resold to the Wikoff Color Corp. in January, 1962.[2]

With respect to a foreign corporation not registered to do business in Pennsylvania, the key to proper service is whether the corporation was "doing business" in Pennsylvania at the time the service was attempted. Henson v. Fred Harvey, Inc., 308 F.Supp. 218 (E. D.Pa.1970); Benn v. Linden Crane Co., 326 F.Supp. 995 (E.D.Pa.1971). Plaintiff, of course, has the burden of establishing that the defendant was in fact "doing business" in Pennsylvania at the time of service. Optico Corp. v. Standard Tool Co., 285 F.Supp. 46 (E.D.Pa. 1968). Plaintiff has not met his burden of proof.

After 1961, Lehmann ceased doing business as a manufacturer and properly changed its name to JML Trading Corp. From that time to the present JML has been engaged in the business of a real estate holding company. It was during this period that plaintiff's injury was sustained and service of process attempted. But plaintiff, on the record, has failed to establish any direct or indirect contact between JML and the Commonwealth of Pennsylvania during this same period. JML has had no direct business transactions involving Pennsylvania citizens or property nor is there evidence of any in-

---

2. The record is not clear and plaintiff has not proved whether JML and its predecessor, Lehmann, or Mullins Manufacturing Corp. sold the machine to Wikoff Color Corp. It would appear from the record that Mullins, having acquired the assets and the exclusive right to the use of the name of "J. M. Lehmann Company, Inc.," on October 23, 1961, was the owner and seller of the machine on January 11, 1962.

direct contact through the use of middle-men or brokers.

This case is factually distinguishable from Benn, *supra.* I there held that a Swedish manufacturer who had knowledge that his product would ultimately be resold in the United States through a distributive chain and who introduced a continuous flow of products into this chain was "doing business" within the meaning of the Pennsylvania statute. In that case both at the time of the injury and the time of service, the defendant was actively engaged in the manufacture and sale of steel cranes, destined for the United States.

The decision of the court does not preclude commencement of this suit in a jurisdiction where personal service upon JML may be secured. But in this action, plaintiff has been unable to establish that JML was "doing business" in the Commonwealth as defined by the Pennsylvania "long arm" statute.[3]

3. Pa.Stat. tit. 15, § 2011, subd. C (Supp.1972).