**STRICK CORPORATION**

v.

**CRAVENS HOMALLOY (SHEFFIELD) LTD. et al.**

**Civ. A. No. 71–2160.**

United States District Court, E. D. Pennsylvania.

Dec. 29, 1972.

------

David H. Marion, Philadelphia, Pa., for plaintiff.

Robert M. Landis, Louis E. Levy, Meyer E. Maurer, Philadelphia, Pa., for defendants.

------

## OPINION

BECHTLE, District Judge.

Defendant, Cravens, Homalloy (Sheffield) Ltd., (hereinafter Cravens) is a foreign corporation, with its principal place of business in Great Britain. Plaintiff, Strick Corporation (hereinafter Strick), is a Pennsylvania corporation with its principal place of business in Fairless Hills, Pennsylvania. On June 9, 1966, these two parties entered into a five-year licensing agreement which provided Cravens with a license to produce Strick trailers, containers, and related equipment in England. For this five-year period, Strick was also required to provide Cravens with the following data: copies of drawings and designs, sales literature, information regarding improvements, findings of market surveys, the right to use the trade name "Strick" and the right to visit Strick factories to learn production methods.

At the termination of the five-year period covered by the agreement, Strick alleges that Cravens continued to manufacture and sell Strick trailers and equipment, notwithstanding the absence of a license to do so.

On September 1, 1971, Strick instituted an action against Cravens by filing a two-count complaint. Count one of the complaint alleges misappropriation of business, trade secrets and good will, and asserts jurisdiction under 28 U.S.C. § 1332. Count two alleges a cause of action arising under Patent Law, 35 U.S. C. § 271 et seq., for patent infringement, with jurisdiction based on 35 U. S.C. §§ 281 and 283, and 28 U.S.C. § 1338.

Strick attempted to serve the complaint upon Cravens by (1) service upon the Secretary of the Commonwealth pursuant to the Pennsylvania "long-arm" statute, 15 P.S. § 2011 and Fed.R.Civ.P. 4(d)(7); (2) issuing writs of foreign attachment purporting to seize debts owing to Cravens by persons within this district;[1] and, (3) personal service upon an officer of Cravens within this district. Presently before this Court is defendant Cravens' motion to dismiss and quash service of the complaint. Cravens claims that the attempted service upon it under each of the above-mentioned methods is invalid. In addition, it alleges that subject matter jurisdiction is lacking in this Court by reason of an arbitration clause in the June 9, 1966, leasing agreement; and, that venue does not lie in this district.

For the reasons stated below, this Court finds the defendant's motion without sufficient merit to warrant the granting of the relief requested.

## I. SERVICE OF PROCESS

Rule 4(d)(7) of the Fed.R.Civ.P. provides for the service of Federal process in conformity to the practice of the state in which the forum Federal Court sits. Accordingly, the validity of service in this instance is governed by § 1011 of the Pennsylvania Business Corporation Law, 15 P.S. § 2011 (more commonly

------

1. Plaintiff named Container Transport International (C.T.I.), a Delaware corporation, and Transport Pool, Inc. (T.P.I.), a Pennsylvania corporation, as garnishees in their attempt to obtain service upon Cravens through foreign attachment.

known as the "long-arm" statute). That statute provides in part:

"B. Any foreign business corporation which shall have done any business in this Commonwealth, without procuring a certificate of authority to do so from the Department of State, shall be conclusively presumed to have designated the Secretary of the Commonwealth as true and lawful attorney authorized to accept, on its behalf, service of process in any action arising within this Commonwealth. . . ."

The requirement of "doing business" is defined in the next section of the statute:

"C. For the purposes of determining jurisdiction of courts within this Commonwealth, the doing by any corporation in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object, or doing a single act in this Commonwealth for such purpose, with the intention of thereby initiating a series of such acts, shall constitute 'doing business' . . . ."

Whether defendant, Cravens, was "doing business" in Pennsylvania within the meaning of this statute is one of the decisive questions upon which disposition of its motion lies. After carefully considering all of the leading cases on point, which both sides ably briefed, we answer this question in favor of the plaintiff, Strick.

Strick has the burden of proving that Cravens was "doing business" in Pennsylvania at the time of the purported service. Optico Corporation v. Standard Tool Company, 285 F.Supp. 46, 48 (E.D.Pa.1968). Whether or not a corporation is "doing business" in Pennsylvania is a matter of fact to be resolved in a case-by-case basis and not by the application of a mechanical rule. Campbell v. Triangle Corporation, 336 F.Supp. 1002 (E.D.Pa.1972). The relevant facts surrounding this issue which have been educed from the pleadings, briefs and oral argument on this motion are as follows:

(1) Cravens has no offices in Pennsylvania; (2) Cravens owns or leases no real property in Pennsylvania; (3) Cravens is not registered or licensed to do business in Pennsylvania; (4) Cravens has never paid any taxes to any governmental body in Pennsylvania; (5) Cravens has never had a telephone listing in Pennsylvania; (6) Cravens has never advertised in any manner in Pennsylvania; (7) Cravens has no bank accounts in Pennsylvania; (8) Cravens has no employees whose place of business is in Pennsylvania; (9) Cravens has never invested any capital in Pennsylvania; (10) Cravens has never shipped any products directly or indirectly into Pennsylvania; (11) between June, 1966, and April, 1971, representatives of Cravens made thirty-eight (38) trips to Fairless Hills, Pennsylvania, in connection with the license agreement; (12) between May, 1967, and April, 1971, representatives of Cravens made at least five trips to Pennsylvania in connection with the sale of trailer and trailer vans to Transport Pool, Inc. (T. P.I.).

Although the question of "doing business" turns on the facts of each case, some direction can be gained from the cases cited by counsel which have dealt with this issue. The cases cited by Cravens in their memoranda all mention the defendants' failure to "enter" the Commonwealth for the purpose of "doing business" as a reason for granting a motion to dismiss. *See,* Tudesco v. Publishers Company, 232 F.Supp. 638 (E.D.Pa.1964); Optico Corp. v. Standard Tool Co., *supra;* Meench v. Raymond Corp., 283 F.Supp. 68 (E.D.Pa. 1968); Miller v. Tulsa Petroleum Co., 117 F.Supp. 359 (M.D.Pa.1953). In 1968, subsequent to the decision in the above cases, the Pennsylvania Legislature amended the Business Corporation Law eliminating the requirement of entry into the Commonwealth for the pur-

pose of determining "doing business." Business Corporation Law § 1011, as amended, 15 P.S. § 2011(C) (Supp. 1971). Consequently, the cases dealing with the "doing business" section, after the 1968 amendment, no longer prescribe entry into the Commonwealth as an essential requirement. *See, e. g.,* Burns v. Baltimore Motor Coach Co., 302 F.Supp. 683 (E.D.Pa.1969).

■ We find that in coming to Pennsylvania thirty-eight (38) times within the 1966 to 1971 period for the purposes of negotiating and entering into leasing and sales agreements, and for the purposes of learning production methods to be used elsewhere, Cravens has been "doing business" in Pennsylvania within the meaning of 15 P.S. § 2011.

■ The purpose of the "long-arm" statute (15 P.S. § 2011) is to protect the Pennsylvania corporations by bringing within the reach of legal process foreign corporations "doing business" in Pennsylvania. Wenzel v. Morris Distributing Co., 439 Pa. 364, 266 A.2d 662 (1970). Our finding is consistent with this purpose. It is also consistent with the due process requirement that a defendant, not present within the territory of the forum, have only "certain minimum contacts" with that territory before he can be subject to a judgment in personam. International Shoe Company v. State of Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

■■ The attempted service of the complaint and summons on Cravens was made in September, 1971. Cravens asserts that since it had no contacts within the Commonwealth at all after July, 1971, and plans none in the future, it could not have been "doing business" in Pennsylvania at the time of service, or even at the time when the alleged unfair acts took place. For this proposition, Cravens cites the recent case of Hill v. J. M. Lehmann Co., 345 F.Supp. 1267 (E.D.Pa.1972). That case involved a New York corporation which was sued as a manufacturer of a product that allegedly had caused an injury to the plaintiff. The New York corporation had ceased doing business as a manufacturer eight years prior to the injury and service of process, and was, at the time of the injury, engaged in the real estate business under a different corporate name. The Court held that the plaintiff, on the record, failed to establish any direct or indirect contact with the named corporate defendant and the Commonwealth of Pennsylvania during the eight-year period of the corporation's existence; therefore, it was not "doing business" within the meaning of the "long-arm" statute. For several reasons, this case is clearly distinguishable from the one at hand. First, Cravens has not ceased to do business as a manufacturer and seller of vehicles; second, the injuries which Cravens is alleged to have committed arise as a result of a direct contact with Strick in this Commonwealth, i. e. the negotiation and entering into the leasing agreement; third, a defendant, once found to have been "doing business" in Pennsylvania, cannot escape service under the "long-arm" statute merely by stating it has no more plans to further engage in any business in Pennsylvania, especially when the plaintiff's injury and the attempted service of process occurs within a reasonable time after the defendant's "doing business" contacts in Pennsylvania.

## II. ARBITRATION CLAUSE

■ As another ground on which their motion to dismiss rests, Cravens alleges that there was an arbitration clause in the July 9, 1966, lease agreement which deprives this Court of jurisdiction over the subject matter of the law suit. The arbitration clause reads as follows:

"Any dispute arising between the parties to this agreement concerning the construction or performance of this agreement shall be settled and finally determined by arbitration before a board of three arbitrators, . . . arbitration shall be conducted in accordance with the rules of arbitration

in the International Chamber of Commerce. . . . "

Cravens maintains that the present suit is one which concerns the construction or performance of the agreement. Even if this were true however, it cannot properly be raised in a motion to dismiss for lack of jurisdiction. ". . . An agreement in an executory contract to refer all matters of dispute that may arise under the contract to arbitration will not oust the courts of jurisdiction . . . " Tejas Development Co. v. McGough Bros., 165 F.2d 276 (5th Cir. 1947); Arrington v. El Paso Natural Gas Co., 233 F.Supp. 522, 528 (W.D.Okla.1964). In addition, even if this point were to be raised by the proper motion, we would have difficulty in finding that the dispute between these parties is one "concerning the construction or performance of the agreement." This is not an action based on a violation of the contract; it is rather one based in tort, a tort which was only alleged to have arisen after the termination of the lease agreement.

## III. VENUE

■ On the basis of 28 U.S.C. § 1391(c), Cravens further alleges that venue is lacking within this judicial district. 28 U.S.C. § 1391(c) states:

"A corporation may be sued in any judicial district in which it is incorporated or licensed to do business or is doing business, and such judicial district shall be regarded as the residence of such corporation for venue purposes."

Relying on section (a)[2] of the same statute, Strick points out that venue is proper in this district solely on the fact that the plaintiff resides here, notwithstanding § 1391(c). This issue has been decided in favor of Strick's position by Chief Judge Joseph S. Lord, III, in Campbell v. Triangle Corp., 336 F.Supp.

2. 28 U.S.C. § 1391(a) reads: "A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be

1002, 1007–1008 (E.D.Pa.1972). We agree with that Court's interpretation of 28 U.S.C. § 1391, and accordingly, deny the defendant's motion on that ground also.

brought only in the judicial district where all plaintiffs or all defendants reside . . . "