For supplemental opinion and order see 370 F.Supp. 1269.

Clifford **BENN**

v.

**LINDEN CRANE COMPANY** et al.

**Civ. A. No. 70-542.**

United States District Court,
E. D. Pennsylvania.

May 25, 1973.

Robert Land, Philadelphia, Pa., for plaintiff.

John H. Lewis, Jr., Philadelphia, Pa., for defendants.

MEMORANDUM AND ORDER

VanARTSDALEN, District Judge.

On April 30, 1971, I issued an order denying the motion of defendant, Linden-Alimak, to dismiss for lack of personal jurisdiction. I concluded that Linden-Alimak, a Swedish Corporation, was

susceptible to service under Section 1011 of the Business Corporation Law of Pennsylvania, Act of May 5, 1933, P.L. 364; Art. X, 15 P.S. § 2011, subd. C (as amended).

The opinion stated, 326 F.Supp. 995, *inter alia,* that

> It is reasonable to conclude that one of the purposes of this legislation [§ 2011 C] was to make amenable to Pennsylvania jurisdiction those foreign corporations whose products cause damage or injury in Pennsylvania however circuitous their distributive chain may be (p. 998).

Recently, in Gorso v. Bell Equipment Corp., 476 F.2d 1216 (3rd Cir. 1973), the Third Circuit had occasion to consider and indirectly "review" my order of April 30, 1971. The district court in *Gorso* "adopted the theory set out in the Benn opinion as its own" (476 F.2d at 1221) and was reversed by the circuit court which "concluded the state statute [§ 2011, subd. C] does not reach the constitutionally permissible limit" (*Id.* at 1222).

The reasoning of the *Gorso* case compelled me to suggest that defendant Linden-Alimak file a renewed motion to dismiss in light of the circuit court's interpretation of the state statute. Linden-Alimak has filed a renewed motion, relying on the *Gorso* opinion and plaintiff Benn and defendant Heede International have filed memoranda in opposition.

I interpret *Gorso* as conclusive of the present issue before the court. My earlier opinion ascribed a broader purpose and scope to the Act than that determined by the Third Circuit. For the reasons set forth in the decision of the Court of Appeals, defendant, Linden-Alimak's renewed motion to dismiss must be granted.

Benn also contends that service was proper under 12 P.S. §§ 341, 344, an issue not reached in the *Gorso* opinion. Those sections were enacted on July 1, 1970; the complaint in the present ac-

tion was filed on February 20, 1970 and service made on Linden-Alimak on March 12, 1970.* Utilization of these sections would therefore be inappropriate. *Cf., Gorso, supra,* at 1223, n.6 (amended opinion filed April 5, 1973).

---

\* The return was filed on June 22, 1970.