## Sider v. Homowack Lodge

*Michael J. Stack*, for plaintiffs.
*Saul H. Segan*, for defendant.

GREENBERG, *J.*, June 2, 1975—This is an action in assumpsit and in trespass to recover for in-

juries sustained by plaintiffs as a result of their consuming allegedly impure food served at defendant's lodge in New York State. Preliminary objections to plaintiffs' complaint raising the questions of the court's jurisdiction over defendant-corporation and the validity of the service of process on it were filed by Homowack Lodge. It is from this court's overruling of these objections that defendant has appealed.

Plaintiffs in this action are all residents of Philadelphia. Defendant, Homowack Lodge, is a New York corporation with a place of business in Spring Glen, N.Y. Since no office or agent of Homowack Lodge could be located within Pennsylvania, and since Homowack Lodge was not registered to do business with the Pennsylvania Department of State, service of the complaint was effectuated through the Secretary of the Commonwealth pursuant to Pennsylvania's long-arm statute, Act of November 15, 1972, P.L. 885 (No. 271), 42 P.S. §8301 et seq. Plaintiffs have alleged that defendant does business in Pennsylvania. In support thereof, plaintiffs cite the request for admissions and the answers thereto in which defendant admits to having advertised in the Jewish Exponent, a Philadelphia based publication serving the Philadelphia area, and admits that several Philadelphia travel agencies may have sent business to defendant in return for a ten percent referral fee. In its brief, defendant also states that it provides a "toll free telephone number for reservations."

Pennsylvania's long-arm statute, 42 P. S. §8301 et seq., provides, in part, at section 8302(a):

"(a) General rule. — Any foreign corporation which shall have done any business in this Com-

monwealth without procuring a certificate of authority to do so from the Department of State as required by statute, shall be conclusively presumed to have designated the Department of State as its true and lawful attorney authorized to accept, on its behalf, service of process in any action arising within this Commonwealth."

The definition of "doing business" in the Commonwealth is set forth in the statute at section 8309(a) and at section 8309(b) as follows:

"(a) General rule.—Any of the following shall constitute 'doing business' for the purposes of this chapter:

"(1) The doing by any person in this Commonwealth of a series of similar acts for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object.

"(2) The doing of a single act in this Commonwealth for the purpose of thereby realizing pecuniary benefit or otherwise accomplishing an object with the intention of initiating a series of such acts.

"(3) The shipping of merchandise directly or indirectly into or through this Commonwealth.

"(4) The engaging in any business or profession within this Commonwealth, whether or not such business requires license or approval by the Commonwealth or any of its agencies.

"(5) The ownership, use or possession of any real property situate within this Commonwealth.

"(b) Exercise of full constitutional power over foreign corporations.—In addition to the provisions of subsection (a) of this section the jurisdiction and venue of courts of the Commonwealth shall extend to all foreign corporations and the powers exercised by them to the fullest extent allowed under the Constitution of the United States."

The 1972 addition of section 8309(b) shows the legislature's intent to expand the concept of "doing business" and thus extend Pennsylvania's jurisdiction over foreign corporations to the fullest extent permitted by the Constitution of the United States: M & N Meat Company v. American Boneless Beef Corp., 380 F. Supp. 912, 914 (W.D. Pa., 1974). In examining the requirement of doing business in light of this new section, the Superior Court in Proctor & Schwartz, Inc. v. Cleveland Lumber Co., 228 Pa. Superior Ct. 12, 17, 323 A. 2d 11 (1974), held:

"Although the statute retains the requirement of 'doing business' as a jurisdictional trigger, the addition of the new section 8309(b), quoted supra, is clearly intended to liberalize Pennsylvania's position. Under this section those contacts sufficient to satisfy the constitutional requirements of due process are also sufficient to satisfy the 'doing business' requirement of Pennsylvania law. Thus, for purposes of in personam jurisdiction over unregistered foreign corporations the evolution of the Pennsylvania (long-arm) statute has now become coexistent with the evolution of substantive jurisdictional due process as expressed by the United States Supreme Court."

The United States Supreme Court has held that in acquiring in personam jurisdiction over a defendant not within the forum State, the requirement of due process would be met if the defendant had certain "minimum contacts" with the forum State, and if the "traditional notions of fair play and substantial justice" were not offended: International Shoe Co. v. Washington, 326 U.S. 310, 316, 66 S. Ct. 154 (1945). In McGee v. International Life Insurance Co., 355 U.S. 220, 78 S. Ct. 199 (1957), the Supreme Court held that one insurance contract issued in the forum State was sufficient to

establish the court's jurisdiction over the defendant, and that due process was not violated. In Hanson v. Denckla, 357 U.S. 235, 253, 78 S. Ct. 1228 (1958), the Supreme Court added that the due process clause required a defendant to have taken advantage of "the privilege of conducting activities within the forum State thus invoking the benefits and protections of its laws."

The court in Proctor & Schwartz, Inc. v. Cleveland Lumber Co., supra, at 19, in determining that the "minimum contacts" were present, set forth the following test:

"First, the defendant must have purposefully availed itself of the privilege of acting within the forum state thus invoking the benefits and protections of its laws. . . . Secondly, the cause of action must arise from defendant's activities within the forum state. . . . Lastly, the acts of the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over it reasonable."

In Parise v. AAA Warehouse Corp., 384 F. Supp. 1075 (W.D. Pa., 1974), plaintiff was injured in Pennsylvania when a door fell off a railroad car and struck him. Defendant, an Indiana based corporation, had loaded the car in Indiana for one of its customers. Defendant-corporation's only other contact with Pennsylvania was its active solicitation of business in the Commonwealth through the distribution of brochures. The court held that the principles of due process as interpreted by the United States Supreme Court were not violated by the exercise of jurisdiction over defendant, and that the result was consistent with the Pennsylvania long-arm statute as recently explained by the Pennsylvania Superior Court in the Proctor case: Parise v. AAA Warehouse Corp., 384 F. Supp.,

at 1085. See also Commonwealth v. National Federation of the Blind, 18 Pa. Commonwealth Ct. 291, 335 A. 2d 832 (1975), where the court held that the solicitation through the mail of contributions from Pennsylvania residents provided the "minimal contacts" required by due process for the court to assert jurisdiction over an unregistered foreign charitable organization and for a further discussion of due process requirements in cases in which jurisdiction was established under section 8309(b).* See also Proctor & Schwartz, Inc. v. Cleveland Lumber Co., supra; and M & N Meat Co. v. American Boneless Beef Corp., supra.

In the present case, defendant's contacts with Pennsylvania were sufficient to satisfy the due process requirement. Defendant has cited the case of Nettis v. Di Lido Hotel, 215 Pa. Superior Ct. 284, 257 A. 2d 643 (1969), as controlling; however, it is distinguishable from the one at bar. In Nettis, decided prior to the addition of section 8309(b), plaintiff attempted to effect service of a complaint on an out-of-State hotel corporation by serving a local travel agent who had, at one time, placed an ad for the hotel in a local newspaper. The court held that the travel agent was neither an agent nor an employe of defendant-corporation so that service was defective. The court went on further to say that the act of the travel agent was insufficient to satisfy the "doing business" requirement of the Pennsylvania long-arm statute, or the due process clause of the United States Constitution. In the present case,

*For pre-8309(b) cases in which the due process requirement was discussed and was determined to have been complied with, see: McCrory Corp. v. Girard Rubber Corp., 225 Pa. Superior Ct. 45, 52, 307 A. 2d 435 (1973); Strick Corp. v. Cravens Homalloy (Sheffield), Ltd., 352 F. Supp. 844, 847 (E.D. Pa., 1972); Saccamani v. Robert Reiser & Co., Inc., 348 F. Supp. 514, 517 (W.D. Pa., 1972).

318

however, defendant, Homowack Lodge, has purposefully availed itself of the privilege of acting within Pennsylvania by actively and directly soliciting business within the Commonwealth by its advertising in a local newspaper and by its maintaining a toll-free telephone number to call for reservations. Additionally, defendant does business with local travel agents by sending them ten percent fees for customer referrals.

For the foregoing reasons, and because the injuries sustained by the eight Philadelphia plaintiffs can be viewed as being reasonably related to defendant's business activities within Pennsylvania, this court has concluded that defendant, Homowack Lodge, by its own acts, has subjected itself to the jurisdiction of this court. Furthermore, the exercise of this jurisdiction by the court is reasonable. Therefore, with the due process requirements having been satisfied, the preliminary objections of defendant are dismissed.