## DeFlice v. Employers Mutual Insurance Company

*Myron Deutsch* and *Edward T. McErlean*, for plaintiffs.

*Jolen Perrdus* and *Charles Craven*, for defendants.

KALISH, *J.*, June 5, 1978—

## I.  BACKGROUND

Before this court are the preliminary objections of Employers Mutual Insurance Company, Alfred A. Mousley, Inc., and John Foraker to plaintiffs Kerstine DeFlice, Myron H. Deutsch, Esq. and Edward J. McErlean, Esq.'s amended complaint in trespass.

The preliminary objections raise issues as to this court's jurisdiction under Pa.R.C.P. 1019, and as to whether the amended complaint in trespass states a cause of action in fraud and/or misrepresentation.

Plaintiff Kerstine DeFlice and defendant John Foraker were involved in a motor vehicle accident on December 13, 1974, in the State of Delaware. Plaintiffs' amended complaint in trespass avers that defendants fraudulently misrepresented to Mrs. DeFlice and her attorneys (plaintiffs Deutsch

and McErlean) that at the time of the accident defendant Foraker was a servant and employe of State Line Development Company, Inc. Mr. Foraker was a servant and employe of defendant Alfred A. Mousley, Inc. at the time of the accident. The complaint avers that the plaintiffs relied on the representations (as to Foraker's employment) to their detriment by instituting suit against the wrong party and causing plaintiffs to forbear from filing a law suit against the proper defendant, Alfred A. Mousley, Inc., within the time required by the Statute of Limitations.

## II.   THE PLAINTIFFS HAVE STATED A SUFFICIENT CAUSE OF ACTION

For purposes of this motion, the factual allegations contained in plaintiffs' complaint are considered true and correct: Bogash v. Elkins, 405 Pa. 437, 176 A. 2d 677 (1962). The essential elements of actionable fraud consist of: (1) A misrepresentation; (2) a fraudulent utterance thereof; (3) an intention by the maker that the recipient would thereby be induced to act; (4) justifiable reliance by the recipient upon the misrepresentation; and (5) damage to the recipient as the proximate result: Neuman v. Corn Exchange National Bank and Trust Company, 356 Pa. 442, 51 A. 2d 759 (1947); Edelson v. Bernstein, 382 Pa. 392, 115 A. 2d 382 (1955). In the present complaint, all the necessary elements of fraud have been alleged with enough particularity so as to establish the cause of action.

Specifically, the acts or conduct constituting the fraud were Foraker's statement as to his employment made at the scene of the accident and defendant Employers Mutual Insurance Company, Inc.'s

letters and phone calls to plaintiffs representing that the party responsible for the accident was State Line Development Company. Scienter can be implied under the facts pleaded. An employe generally knows who his employer is; likewise an employer's insurer would normally have access to such information. Therefore, the representations and statements were made, if not with direct knowledge of the falsity, then with such reckless disregard to the truth so as to find the necessary scienter. Further, plaintiffs' complaint avers the necessary inducement (to use the wrong party) and reliance thereon (plaintiffs brought an action against State Line Development Company, Inc. and not the proper defendant Alfred A. Mousley, Inc.). Finally, the complaint avers the required element of damage: Plaintiffs' inability to recover on their original action due to the Statute of Limitations having run on that cause of action.

The cases cited by defendants in support of their contention that plaintiffs' complaint fails to state a cause of action, are inapposite to the present case: Walters v. Ditzler, 424 Pa. 445, 22 A. 2d 833 (1967); Slack v. Treadway Inn of Lake Harmony, Inc., 388 F. Supp. 15 (M.D. Pa. 1974); Turner v. American Dredging Company, 407 F. Supp. 1047 (E.D. Pa. 1976); Burke v. Gateway Clipper, Inc., 441 F. 2d 946 (3d Cir. 1971); Lloyd v. Brenner, 62 D. & C. 2d 422 (1973); Beasley v. McGarvey, 68 D. & C. 2d 656 (1974). Those cases deal only with the type of fraud necessary to toll the Statute of Limitations. Plaintiffs' action is based not upon the incident in Delaware, but upon the alleged fraudulent acts by defendants in Pennsylvania. This court finds that plaintiffs have stated a cause of action in fraud and misrepresentations; therefore defendant Employ-

ers Mutual Insurance Company's motion pursuant to Pa.R.C.P. 1017(b)(4) is denied.

## III.  JURISDICTION

The present action is based upon the alleged fraudulent statements initially made by defendant, John Foraker, at the scene of the accident (while acting within the scope of his employment with Alfred A. Mousley, Inc.). Subsequently, Employers Mutual Insurance Company continued the fraud and expanded it into Pennsylvania through its letters and telephone conversations with Pennsylvania plaintiffs.

It is clear from the pleadings that Pennsylvania has an interest in the alleged tortious acts committed within its borders by Employers Mutual Insurance Company, Inc. (a Pennsylvania corporation). Although the alleged fraud was first committed in Delaware, it was in the nature of a continuing tort, with the greatest number of harmful acts by defendants occurring within the state; therefore the cause of action is based in Pennsylvania.

This court is guided in its determination of whether it has in personam jurisdiction over defendants John Foraker and Alfred A. Mousley, Inc. by Pennsylvania's recently enacted "long arm" statute. That statute expressly extends the jurisdiction of Pennsylvania courts to the fullest extent permitted by the Fourteenth Amendment. See Act of November 15, 1972, P.L. 1063, 42 Pa.C.S.A. §8309(b). That expansion now means that the statutorial impediments to the exercise of in personam jurisdiction over unregistered foreign corporations have been removed, and jurisdiction extended "to the full measure consistent with due

process standards." Aquarium Pharmaceuticals, Inc. v. Industrial Pressing & Packaging, Inc., 358 F. Supp. 441 (E.D. Pa. 1973).

Whether a foreign corporation is amenable to this court's jurisdiction (the necessary minimum contacts established) is a factual question to be resolved on a case-by-case basis and not by application of a mechanical rule: Wenzel v. Morris Distributing Co., Inc., 439 Pa. 364, 266 A. 2d 662 (1970). In the present case, defendants Foraker and Alfred A. Mousley, Inc., initially perpetrated a fraud upon plaintiff DeFlice in Delaware. This original fraud was expanded and enlarged by defendant Foraker and Alfred A. Mousley, Inc.'s representative Employers Mutual Insurance Company's actions in Pennsylvania. It was readily forseeable that harm to Pennsylvania plaintiffs would occur in this state, by either the Delaware defendant's nondisclosure of the relevant information to plaintiffs, or by their representative Employers Mutual Insurance Company's misrepresentations of the facts. It is not necessary for the defendants Foraker and Alfred A. Mousley, Inc. to have directly acted within Pennsylvania.

In Garis v. Mouldings, Inc., 53 D. & C. 2d 53 (1971), the court, in a products liability case, found jurisdiction based solely upon the manufacturer's shipment of goods in interstate commerce, and the knowledge by that manufacturer that some of those goods would eventually be resold in Pennsylvania. Also see McCrory Corporation v. Girard Rubber Corporation, 61 D. & C. 2d 319 (1972), and LTM Corporation v. Edward M. Livingston and Sons, 339 F. Supp. 1270 (E.D. Pa. 1972). The instant case is even a stronger one for asserting jurisdiction, as here defendants knew their actions were directly affecting Pennsylvania residents within Pennsyl-

vania. This state has an interest in seeing that its citizens not be harmed and denied damages because of inconvenience or expense of bringing suit in a distant jurisdiction. In the present case, as a result of defendants' perpetrating this fraud in Pennsylvania, there can be no claim that defendants were surprised when called to defend the subsequent law suit.

The court in Giannini v. Roessler, 347 F. Supp. 1322 (E.D. Pa. 1972), denied Pennsylvania jurisdiction in a case which involved Connecticut defendants accused of a conspiracy to deprive a Pennsylvania plaintiff of his goods. This denial was based upon plaintiff's failure to allege that such defendants or their agents committed the theft or overt act in furtherance of the conspiracy within Pennsylvania. The case involved not only individuals, but also corporate defendants. The continuing fraud which was perpetrated upon plaintiffs is similar in nature to the conspiracy action in the Roessler case. However, unlike the Roessler case, plaintiffs have alleged in their complaint that defendants (by their agents) committed the tortious acts within Pennsylvania.

The grant of jurisdiction in this case would not violate or offend the due process requirements. The cause of action is Pennsylvania based and defendants have harmed Pennsylvania plaintiffs. Defendants should be charged by the nature of their activity with having purposefully availed themselves of the privilege of acting within this state, thereby invoking the benefits and protection of its laws.