**SPELLING–GOLDBERG PRODUCTIONS**

**v.**

**BODEK & RHODES, Arrowsmith, Amer-Trans Co., Coleman Schneider and All Star Heat Transfer Corp.**

Civ. A. No. 77-2708.

United States District Court,
E. D. Pennsylvania.

June 7, 1978.

---

Manny D. Pokotilow, Philadelphia, Pa., for plaintiff.

J. Rodman Steele, Jr., Philadelphia, Pa., local counsel for Coleman Schneider.

Norman N. Popper, Newark, N. J., N. J. counsel for Schneider.

## MEMORANDUM

NEWCOMER, District Judge.

In this servicemark and trademark case, defendants Amer Trans Company, All Star Heat Transfer Corporation and Coleman Schneider have moved to dismiss the complaint for lack of personal jurisdiction. Pursuant to a request by the Court, the parties submitted briefs and factual evidence on the issues raised by the motion. After considering the motion and the materials presented, the Court concludes that the motion must be granted as it relates to defendant Coleman Schneider and denied as to the corporate defendants.

As Rule 4(d)(7) of the Federal Rules of Civil Procedure permits service of process to be made in the manner prescribed by the state in which the district court is situated, plaintiff attempted to serve defendants pursuant to the provisions of the Pennsylvania "long arm" statute, 42 Pa. C.S.A. § 8301 *et seq.* (1978 Supp.), and thereby sought to establish the Court's personal jurisdiction. Moving defendants challenge the service and contend that personal jurisdiction does not exist.

■ Turning first to the two corporate entities, the Court finds that defendants Amer Trans Company and All Star Heat Transfer Corporation, New Jersey corporations, were properly served and that in personam jurisdiction exists. These two corporations were served as foreign corporations "doing business" in the state of Pennsylvania pursuant to the provisions of 42 Pa. C.S.A. § 8302, 8307. Under Pennsylvania law, a foreign corporation is "doing business" in Pennsylvania, *inter alia,* if it ships "merchandise directly or indirectly into or through [the] Commonwealth." 42 Pa. C.S.A. § 8309(a). It is clear that the statutory requirements for doing business are satisfied here, as the evidence presented reveals that these corporate defendants directly and indirectly shipped merchandise relevant to this case into Pennsylvania. *See* Plaintiff's Deposition Exhibits: P–31B; P–32B; P–35B; P–36; P–37B. There cannot be any serious question posed concern-

ing the constitutionality of assuming personal jurisdiction on the basis of the corporate defendants' shipment of merchandise into Pennsylvania. The courts consistently hold that when a party avails itself of the benefits of Pennsylvania commerce by shipping merchandise into the state sufficient contacts exist so as not to offend due process when jurisdiction is maintained on the basis of these contacts. *Columbia Metal Culvert Company v. Kaiser Industries Corp.,* 526 F.2d 724 (3rd Cir. 1975); *LTM Corporation v. Edward M. Livingston & Sons, Inc.,* 339 F.Supp. 1270 (E.D.Pa.1972); *Benn v. Linden Crane Co.,* 326 F.Supp. 995 (E.D.Pa.1971). Therefore, the Court must deny the corporate defendants' motion to dismiss for lack of personal jurisdiction.

Defendant Coleman Schneider's situation presents a different case. At Mr. Schneider's deposition, he admitted that he was the President and one of the three "owners" of All Star Heat Transfer Corporation; he also stated that he was the person with the ultimate authority to determine whether a specific product is made or sold by that corporation, and that he is involved in the day to day operations of the corporation. He also claimed to own one-fifth of the shares of Amer Trans Company and to be secretary of that company. On the basis of Mr. Schneider's contacts with these two corporate defendants, plaintiff directed that a summons be served on defendant Schneider in accordance with the "doing business" provisions of the Pennsylvania long-arm statute and sought to establish this Court's personal jurisdiction over Mr. Schneider. Plaintiff has argued that Coleman Schneider is subject to the Court's jurisdiction by virtue of the corporate defendants' contacts with Pennsylvania and Mr. Schneider's "activities and relationship" to the corporate defendants.

The Court finds, though, that it is necessary to look to Mr. Schneider's contacts, and not the corporations' contacts, with Pennsylvania in order to determine whether jurisdiction may be maintained. Under 42 Pa. C.S.A. § 8304, substituted service effectively can be made on a nonresident individual if that individual did business in the Commonwealth at the time the cause of action accrued. Relevant to the determination of whether an individual has done business in the Commonwealth, is the individual's activities and not his corporation's or those done by him on behalf of the corporation as an officer or agent. Establishing personal jurisdiction over an individual on the basis of "doing business" requires that the evidence show not only that the individual did business within Pennsylvania as defined in 42 Pa. C.S.A. § 8309, but that the business was done by the individual for himself and not for or on behalf of his corporation. *Brown v. Cosby,* 433 F.Supp. 1331 (E.D.Pa.1977); *Feld v. Tele-view, Inc.,* 422 F.Supp. 1100 (E.D.Pa.1976); *Miller v. American Telephone & Telegraph Company,* 394 F.Supp. 58 (E.D.Pa.1975). In this case, Mr. Schneider, in his affidavit, denies having had personal contact with Pennsylvania. Although the plaintiff has presented evidence demonstrating that Mr. Schneider was involved with the affairs of corporations that have done business in Pennsylvania, it has not shown that Mr. Schneider has done business in Pennsylvania on his own behalf or other than on behalf of these corporations. Therefore, there appears to be no basis upon which to find that defendant Schneider has submitted to the jurisdiction of this Court.

Plaintiff argues otherwise and contends that the case of *Columbia Metal Culvert Co. v. Kaiser Industries Corp.,* 526 F.2d 724 (3rd Cir. 1975) supports its position. Plaintiff's reliance on that case is misplaced. In *Columbia Metal,* the individual nonresident's activities, purportedly done on behalf of a corporation, were viewed as those of the individual for jurisdictional purposes, because the Court found that at the time the activities were performed the corporation was not yet in existence and the individual knew that the corporation was nonexistent. The individual nonresident was found to have done business within Pennsylvania on the basis of these activities, as the Court concluded that the individual could not use a nonexistent corporation to shield himself from accepting individual responsibility for

his activities in Pennsylvania. In this case, there has been no claim that All Star Heat Transfer Corporation, the corporation of which Mr. Schneider was President, was nonexistent at the time the cause of action arose. Nor have there been any allegations that Mr. Schneider was "acting as the alter ego of the corporation, or that the corporation was a sham." *Feld v. Tele-view, Inc., supra.* If evidence had been presented to the effect that basically the corporation was one in name only, then Mr. Schneider's activities purportedly on behalf of the corporation might be regarded as solely his own for jurisdictional purposes. But as such evidence is absent from the record, the Court finds that Coleman Schneider was not doing business in Pennsylvania, as that term is defined in 42 Pa. C.S.A. § 8309. Therefore, Mr. Schneider is not within the jurisdiction of this Court and his motion to dismiss must be granted.