Dawn E. MARTIN, Administratrix of the Estate of Edwin R. Funke, Deceased, Dawn E. Martin and Richard T. Funke

v.

STURM, RUGER & CO., INC. a Connecticut Corporation, and William B. Ruger, Individually.

Civ. A. No. 80–2685.

United States District Court,
E. D. Pennsylvania.

Jan. 14, 1981.

Michael H. Ranck, Lancaster, Pa., for plaintiffs.

Edward W. Madeira, Philadelphia, Pa., for defendants.

## MEMORANDUM AND ORDER

TROUTMAN, District Judge.

Discharge of a handgun manufactured by defendant Sturm, Ruger & Company (the company) caused injuries leading to the death of plaintiffs' decedent. In this action plaintiffs seek recovery based upon the theory that the company designed and manufactured the gun in a defective condition proximately causing the damages which plaintiffs and their decedent suffered. Defendant William B. Ruger, president of the company, now moves to dismiss the complaint as to him on the ground that the Court lacks *in personam* jurisdiction over him. By affidavit he has averred that he presently resides in New Hampshire, where the Marshal served him with process, and maintains offices there and in Connecticut. Ruger personally transacts no business in Pennsylvania and owns no real or personal property therein.

Traditional notions of fair play and substantial justice require that a court find some nexus between a defendant and the forum prior to adjudication of any alleged liability. *World-Wide Volkswagen*

*Corp. v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980), *International Shoe Co. v. Washington,* 326 U.S. 410, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Conducting business within a state constitutes one way in which a defendant may render himself amenable to the court's jurisdiction. *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). *See also Rush v. Savchuk,* 444 U.S. 299, 97 S.Ct. 2964, 53 L.Ed.2d 1086 (1980) and *Shaffer v. Heitner,* 433 U.S. 186, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977). Whether a corporate officer "does business" within a state must be resolved by reference to the individual's, not the corporation's, activities. *Spelling-Goldberg Productions v. Bodek & Rhodes,* 452 F.Supp. 452 (E.D.Pa.1978). Establishing personal jurisdiction over the individual on the basis of doing business requires evidence showing not only that he did business within the state, see 42 Pa.Cons.Stat.Ann. § 8309, but also that he conducted that business "for himself and not for or on behalf of his corporation". *Id.* at 454. *See also Miller v. American Telephone & Telegraph Co.,* 394 F.Supp. 58 (E.D.Pa.1975).

 In the case at bar plaintiff contends that Ruger's personal involvement with the single-action revolvers, manufactured by the company and patterned after the gun "that won the West", supplies the necessary connection between him and the Commonwealth of Pennsylvania, where the company admittedly does business. Plaintiff argues that Ruger, the majority shareholder in the company, also acts as chairman of the board and chief designer, that he refused to warn the company of inherent dangers and defects known to him in these old model single-action revolvers, that he failed to place warnings or recall defective guns which he knew had caused numerous accidents, that he designed all old single-action company revolvers, and that he deliberately failed to consider the safety of consumers who would use the guns.

True, defendant Ruger may well have authorized and approved the tortious acts which comprise the basis of the corporation's alleged liability, *see Donsco, Inc. v.*

*Casper Corp.,* 587 F.2d 602 (3d Cir. 1978), but the question of his individual liability *vel non* remains separate and distinct from the issue of his individual amenability to the jurisdiction of this Court. Plaintiff retains the responsibility of showing the Court's jurisdiction over the defendant. *Optico Corp. v. Standard Tool Co.,* 285 F.Supp. 46 (E.D.Pa.1968). Plaintiff has failed to show any acts by which defendant Ruger personally and purposefully availed himself of the privilege of conducting business within this Commonwealth. *See Hanson v. Denckla, supra.* Accordingly, the motion of defendant Ruger to dismiss the complaint as to him will be granted.