Manuel W. Levine, J.
This is a motion by plaintiff for summary judgment against the individual defendants. The corporate defendants are in default.
This appears to be a case of first impression as the court has been unable to find any cases in point. The question presented is: Do the activities of a corporate officer and/or employee in a sister State constitute doing business so as to confer jurisdiction over said officer or employee where sérvice has been made in this State under a long-arm statute?
*794 Plaintiff’s motion is based on a default judgment obtained in the Court of1 Common Pleas .of Philadelphia County, Pennsylvania. Service was made on the individual defendants pursuant to a “ long arm ’ ’ statute based upon their allegedly doing business in Pennsylvania.
A judgment obtained in a court of another State is entitled to full faith and credit unless there was no jurisdiction or an extrinsic fraud committed against the court. (Oldham v. McRoberts, 21 A D 2d 231, affd. 15 N Y 2d 891.) The individual defendants state in their affidavit that they did not do any business in Pennsylvania as individuals. Any acts done in said State were as an officer and employee of Whitney Cambridge, Ltd., a New York corporation. The plaintiff does not in any way refute this. The reply affidavit submitted on its behalf is by the attorney who does not allege anything to contradict the individual defendants. Under such circumstances the individual defendants were not doing business in Pennsylvania. But, the corporation was. Consequently, the service on the individual defendants pursuant to a long-arm statute did not confer jurisdiction over the individual defendants. Therefore, summary judgment dismissing the first cause of1 action is granted in favor of the individual defendants.