**L. Richard FELD, et al.**

v.

**TELE–VIEW, INC., et al.**

**Civ. A. No. 76–1655.**

United States District Court,
E. D. Pennsylvania.

Nov. 23, 1976.

Robert M. Rosenblum, Philadelphia, Pa., for plaintiffs.

Ben Adelman, Encino, Cal., for defendant.

## OPINION

LUONGO, District Judge.

Plaintiffs in this case are L. Richard Feld and Nancy S.M.A. Feld, officers of the third plaintiff, Tele-View of Delaware Valley, a Pennsylvania corporation (Tele-View Pa.). Defendants are Tele-View, Inc., a California corporation (Tele-View Cal.); Richard M. Silverstein, president of Tele-View Cal.; William J. Hoffman, treasurer and director of Tele-View Cal.; and Ben Adelman, secretary, director and legal counsel of Tele-View Cal. Presently before me is the motion of defendant Ben Adelman under Fed. R.Civ.P. 12(b)(2) to dismiss the suit as to him for lack of *in personam* jurisdiction.

This suit arises out of a written distributorship agreement between the two corporations. Tele-View Pa. was to distribute and service closed circuit movies supplied by Tele-View Cal. for apartment complexes in the Greater Delaware Valley. Tele-View Pa. paid Tele-View Cal. a certain amount for the distributorship rights and promised to provide a certain number of subscribers each year over a five year period. Tele-View Cal. was to supply an initial number of subscribers for Tele-View Pa., along with providing the movies and electronic equipment necessary to enable subscribers to see the movies on their home televisions. Tele-View Cal. was also obligated to provide training and promotional materials to Tele-View Pa.

Plaintiffs' complaint, filed May 25, 1976, alleges that defendant Richard M. Silverstein made numerous representations to plaintiffs which he knew or should have known were false. They included statements that the company was sufficiently capitalized, that Tele-View Cal. could and would provide the services promised in the contract, and that Tele-View Cal. possessed the requisite knowledge, training and abili-

ty to guide the then soon to be formed Tele-View Pa. distributorship. The complaint further alleges that the defendants breached the contract by failing to provide promotion materials, electronic equipment, training personnel, adequate quality films, moneys due plaintiffs from subscription fees, advice and guidance, and "best efforts." The third count of plaintiffs' complaint alleges that various acts by defendants were grossly negligent and caused substantial financial injury to plaintiffs. Plaintiffs also allege damage to their business reputation. They seek punitive damages as well as damages for financial losses and injury to their business reputation.

On June 28, 1976, defendant Ben Adelman filed a motion for change of venue under 28 U.S.C. § 1404, requesting that I dismiss the suit or alternatively transfer it to the United States District Court for the Central District of California. Defendant Richard M. Silverstein joined in the motion. Both defendants filed affidavits in support of the motion. The grounds for the motion were that most of the parties, witnesses and evidence were located in California and the parties had agreed that the contract should be governed by California law. Plaintiffs opposed the motion, arguing that "a far greater part of the subject matter involved in this litigation occurred within the Eastern District of Pennsylvania . . . ." Richard and Nancy Feld filed affidavits in opposition to the motion. Marcie P. Rosenblum, Sales Manager for Tele-View Pa., also filed an affidavit in opposition. The affidavits asserted that plaintiffs' witnesses were in Pennsylvania and that it would be a great hardship for the affiants to travel to California. On August 18, 1976 I denied defendants' motion for a change of venue, concluding that the "balance of convenience lies clearly with the plaintiffs' [choice of forum]." I relied heavily on the clause in the distributorship contract which provided:

"14.11 Although this agreement shall be interpreted by the laws of the State of California, Tele-View agrees that should court action or American Arbitration action become necessary, Tele-View will submit to the court or American Arbitration Association of Pennsylvania."

Although Adelman and Silverstein moved individually for a change of venue, their motion requested that the *civil action* be transferred. Adelman and Silverstein are not individually subject to the forum selection clause, but the transfer would, of course, include the corporate parties which are subject to the provision. Tele-View Cal. and Tele-View Pa. are the primary parties to this suit, and thus I found the above clause to be a significant factor. In concluding my Opinion, I stated:

"Since no attack has been made upon the service of process, I intimate no views as to the *in personam* jurisdiction over the individual defendants."

On September 3, 1976 defendant Ben Adelman filed the instant motion to dismiss for lack of *in personam* jurisdiction.

### DISCUSSION

Rule 4(d)(7) of the Federal Rules of Civil Procedure provides that in the case of an individual defendant service of process may be

". . . in the manner prescribed by any statute of the United States or in the manner prescribed by the law of the state in which the district court is held for the service of summons or other like process upon any such defendant in an action brought in the courts of general jurisdiction of that state."

Thus whether service of process on defendant Adelman was effective so as to bring his person within the jurisdiction of the district court turns on whether service of process met Pennsylvania's statutory requirements. *See Miller v. American Telephone & Telegraph Co.*, 394 F.Supp. 58 (E.D.Pa.1975), *aff'd*, 530 F.2d 964 (3d Cir. 1976). Because Adelman is not a resident of Pennsylvania, service of process must be made under Pennsylvania's long-arm statute, 42 P.S. § 8301 et seq. Plaintiffs assert

that the requirements of both § 8304 [1] and § 8305 [2] were met, either being sufficient to establish *in personam* jurisdiction over the defendant. Adleman does not argue that the requirement of the above sections were not met. Instead, he argues that he has not had even the "minimal contacts" with Pennsylvania which due process requires before the courts located in that state may exercise *in personam* jurisdiction over him. *Hanson v. Denckla*, 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958); *International Shoe Co. v. Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). I conclude that the jurisdictional requirements of § 8304 and § 8305 have not been met, and, therefore, find it unnecessary to reach the constitutional issues.

Section 8304 provides for jurisdiction over persons who were doing business in Pennsylvania at the time the cause of action against them accrued or the harm or financial loss occurred. What activities amount to doing business is the subject of § 8309. Plaintiffs rely on subdivision (3) of § 8309 to establish that Adelman was doing business in Pennsylvania:

" *(a) General rule.*—Any of the following shall constitute 'doing business' for the purposes of this chapter:

\* \* \* \* \* \*

(3) The shipping of merchandise directly or indirectly into or through this Commonwealth."

Under the distributorship contract Tele-View Cal. was to deliver films, promotional materials, and electronic adapter devices for the subscribers' television sets. It is unclear how many such materials were actually delivered to Tele-View Pa., but some number of each were received. Plaintiffs contend that Adelman "[a]s counsel to the defendant corporation . . . participated in the contract negotiations for the shipment of merchandise into the Commonwealth, by his advice to his client in a legal capacity, and by direct telephone contact with plaintiffs in Pennsylvania." Such activity by Adelman, say plaintiffs, is sufficient to permit this court's exercise of jurisdiction over the person of Adelman.

Jurisdiction under § 8305 is similarly predicated on Adelman's activities as counsel and officer to Tele-View Pa. Section 8305 provides for jurisdiction over any non-resident individual who, acting outside of Pennsylvania, causes "any harm" within Pennsylvania. Plaintiffs contend that Adelman's fraudulent misrepresentations caused them "harm" within the meaning of § 8305 and thus bring Adelman under the jurisdiction of this court. Plaintiffs seem to argue that Adelman, as legal counsel to Tele-View Cal., is more responsible for the harm caused plaintiffs than other officers:

"By the very nature of his profession, legal counsel to a corporation is held to a higher standard of care than other participants in the corporate process, as he has a duty to guide his client's legal negotiations, and to know the legal consequences of his client's acts. The harm caused by

1. Section 8304 provides:

"Any nonresident of this Commonwealth who, acting individually under or through a fictitious business name, or through an agent, servant or employee, shall have done any business in this Commonwealth on or after August 30, 1970, or a resident of this Commonwealth who shall have done business in this Commonwealth on or after August 30, 1970 and thereafter shall have become a nonresident of this Commonwealth or shall conceal his whereabouts, shall be conclusively presumed to have designated the Department of State as his agent for the receipt of service of process in any civil action or proceeding instituted in the courts of this Commonwealth against such individual, if and only if at the time the cause of action accrued or the harm or financial loss

occurred, the nonresident or the resident who shall thereafter have become a nonresident, shall have been doing any business within this Commonwealth as heretofore provided."

2. Section 8305 provides:

"Any nonresident of this Commonwealth who, acting outside of this Commonwealth, individually, under or through a fictitious business name, or through an agent, servant or employee, shall have caused any harm within this Commonwealth on or after August 30, 1970, shall be subject to service of process in any civil action or proceeding instituted in the courts of this Commonwealth arising out of or by reason of any such conduct. Service of process in any such civil action or proceeding shall be effected through the Department of State as provided in this chapter."

defendants' breach of contract and fraudulent misrepresentation was caused as directly by defendant Ben Adelman's failure to exercise the standard of care required of him as it was by the corporation's failure to perform." Brief in Opposition to Motion, at 3.

Plaintiffs make no specific representations as to what Adelman's fraudulent misrepresentations were, except for paragraph 31 of the complaint which states that:

"Ben Adelman, Secretary, Director and Counsel to the company made numerous representations to plaintiffs indicating financial solvency and business expertise both prior to the signing of the contractual agreement and subsequent thereto."

The factual allegations on which the plaintiffs base their claim of personal jurisdiction over the defendant Adelman are not made by way of affidavit, but are contained in the Brief in Opposition to Defendant's Motion to Dismiss Due to Lack of Personal Jurisdiction. In contrast, Adelman has submitted an affidavit to support his motion. In that affidavit he claims, *inter alia*:

"4. That I have never spoken to the plaintiffs in the within matter except on one occasion in my capacity as attorney for the defendant corporation.

5. That said conversation was solely regarding the preparation of documents on the principal's behalf.

6. That said conversation included no representation by me regarding the defendant corporation.

7. That I was an incorporator of defendant corporation solely for convenience, as is customary, and resigned within 60 days of formation and prior to the acts complained of herein.

8. That I became secretary of the defendant corporation solely for convenience to facilitate the preparation of corporate documents in my capacity as corporate counsel."

█ Taking the facts alleged by plaintiffs as if they were embodied in an affidavit, it is nevertheless my conclusion that plaintiffs have not alleged facts sufficient to bring defendant Adelman within the jurisdiction of this court. The facts presented by plaintiffs indicate that the activities of Adelman were not those of an individual doing business for himself. Adelman's activities which are said to give rise to a cause of action against the defendants were the activities of a person acting in the role of a corporate officer. Whatever advice he gave to the corporation relating to contract negotiations with Tele-View Cal., and whatever statements were made to the plaintiffs, these communications were unquestionably made in the role of an officer of Tele-View Pa. Even if Adelman held himself out as counsel to the corporation and thereby appeared to be in a position of personal gain through his dealings for Tele-View Pa., he was not acting in his individual capacity.

Either Adelman was speaking on behalf—as an agent—of the corporation or he was speaking as an officer of the corporation. Plaintiffs make no allegations that Adelman was acting as the alter ego of the corporation, or that the corporation was a sham. If the corporate existence was in name only, then Adelman's activities might be regarded as solely his own. In the circumstances as presented, however, Adelman was acting as an officer or agent of the corporation.

█ Under existing precedent an individual's transaction of business solely as an officer or agent of a corporation does not create personal jurisdiction over that individual. *Miller v. American Telephone & Telegraph Co.*, 394 F.Supp. 58, 62–63 (E.D. Pa.1975), *aff'd*, 530 F.2d 964 (3d Cir. 1976); *Lehigh Valley Industries, Inc. v. Birenbaum*, 389 F.Supp. 798, 803–04 (S.D.N.Y.), *aff'd*, 527 F.2d 87 (2d Cir. 1975). Whether the cause of action asserted against the individual is for breach of contract or for tortious actions, if the individual was functioning in the role of corporate officer or agent, he cannot become subject to the court's jurisdiction on the basis of those activities. *Lehigh Valley Industries, Inc. v. Birenbaum*, 527 F.2d 87, 92–93 (2d Cir. 1975). *See also Yardis Corp. v. Cirami*, 76 Misc.2d 793, 351 N.Y.S.2d 586 (Sup.Ct. 1974).

Plaintiffs cite *Stepnowski v. Avery*, 340 A.2d 465 (Pa.Super.Ct.1975), for the proposition that "[p]ersonal jurisdiction may be obtained over an out-of-state defendant who has derived personal economic benefit from business dealings within the State." *Stepnowski* holds only that the personal sale by residents of Pennsylvania of their home is not sufficient to meet the "doing business" requirement of § 8304 of the long-arm statute. The Superior Court notes that " '[t]he emphasis of the statute is upon doing something in Pennsylvania for the purpose of making a profit.' " *Id.* at 467. But the case concerns parties acting only in their individual capacity, and there is no suggestion that the fact the individuals' activities are directed at making a profit affects the rule that where the activities are on behalf of a corporation they cannot make the individual subject to the court's jurisdiction.

Defendant Adelman's motion to dismiss for lack of personal jurisdiction will be granted.