**PARLIAMENT IMPORT COMPANY,
Plaintiff,**

v.

**GIBSON WINE CO., INC. and William
A. Boos, Defendants.**

**Civ. A. No. 81–2701.**

United States District Court,
E. D. Pennsylvania.

Jan. 27, 1982.

---

1. Management Statistics For United States Courts 1981.

Ronald L. Panitch, Seidel, Gonda, Gold-hammer & Panitch, Philadelphia, Pa., for plaintiff.

William H. Elliott, Synnestvedt & Lechner, Philadelphia, Pa., George M. Schwab, Townsend & Townsend, San Francisco, Cal., for defendants.

## MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

By our Memorandum Opinion and Order dated January 15, 1982, we denied the motion of the defendant Gibson Wine Co., Inc. to dismiss this action for improper venue, or transfer it to the Eastern District of California. Presently before the court is the motion of defendant William A. Boos ("Boos") to dismiss for lack of personal jurisdiction and insufficiency of process. For the reasons which follow, we grant the motion.

Boos has filed an affidavit setting forth that he is not a resident of Pennsylvania, and has taken only three short vacations in Pennsylvania; that he owns no property in Pennsylvania and does no business here; that he has lived in California all of his life and is engaged in business in California; that he is chairman and president of the board of directors of defendant Gibson Wine Co., Inc., a cooperative marketing association; that he has no duties or direct responsibilities relating to labels or trademarks; that he did not participate in the adoption of the Chatelour champagne label; that he has no activities in the manufacture and sale of wine other than as a director of defendant Gibson Wine Co., Inc.; and that the day-to-day operations of Gibson Wine Co., Inc. are under the control of salaried officers, and marketing functions are handled by salaried personnel. The plaintiff argues that a corporate officer may be held liable in an individual capacity for acts of the corporation.

The law is clear that an individual's transaction of business solely as an officer or agent of a corporation does not create personal jurisdiction over that individual. *Feld v. Tele-View, Inc.*, 422 F.Supp. 1100, 1104 (E.D.Pa.1976). "Whether the cause of action asserted against the individual is for breach of contract or for tortious actions, if the individual was functioning in the role of corporate officer or agent, he cannot become subject to the court's jurisdiction on the basis of those activities." *Id.* In determining whether an individual is doing or has done business in Pennsylvania, we must examine the individual's activities, not the activities of the corporation of which he is an officer, nor of the activities done by him on behalf of the corporation as officer or agent. To establish personal jurisdiction over an individual on the basis of "doing business" requires evidence to show not only that the individual did business in Pennsylvania, but that the business was done by him for himself and not for or on behalf of his corporation. *Spelling-Goldberg Prod. v. Bodek and Rhodes*, 452 F.Supp. 452, 454 (E.D.Pa.1978).

In the case *sub judice*, the factual allegations made by plaintiff as a basis for their claim of personal jurisdiction over defendant Boos are not made by affidavit, but are contained in plaintiff's memorandum in reply to the motion of Boos. In contrast, the allegations of Boos are contained in an affidavit.

■ After examining all of the allegations contained in both the defendant's affidavit and the reply brief of the plaintiff (which we shall treat as an affidavit), we conclude that this court has no personal jurisdiction over the defendant Boos.